ORIGINAL

1  KURT OSENBAUGH (State Bar No. 106132)
2  DEBORAH YOON JONES (State Bar No. 178127)
   MacKENZIE E. HUNT (State Bar No. 251127)
3  **WESTON, BENSHOOF, ROCHEFORT,**
      **RUBALCAVA & MacCUISH LLP**
   333 South Hope Street
4  Sixteenth Floor
5  Los Angeles, California 90071
   Telephone: (213) 576-1000
6  Facsimile: (213) 576-1100

7  Attorneys for Defendant
   BP WEST COAST PRODUCTS LLC

E-FILING

**Filed**

MAY 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

PVT

9         **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA**

11

12  OMER KASSA individually; OMER
    KASSA dba H & O, INC., and H & O,
13  INC.,

14              Plaintiffs,

15      v.

16  BP WEST COAST PRODUCTS, LLC, dba
    ARCO PRODUCTS COMPANY and
17  DOES 1 to 50,

18              Defendants.

Case No. **C08 02725**

**DECLARATION OF MACKENZIE
E. HUNT IN SUPPORT OF
REMOVAL OF ACTION UNDER 28
U.S.C. §1441(b)**

**[Filed concurrently with Notice of
Removal of Action Under 28 U.S.C. §
1441(b) (Federal Question
Jurisdiction); Appendix of Non-
Federal Authorities in Support of
Removal; Appendix of State Court
Pleadings and Papers; Notice of
Interested Parties; and Certificate of
Service.]**

Filing Date:          March 12, 2008
Complaint Served:  March 20, 2008
FAC Served:         May 14, 2008
Sup. Ct. Case No: 108CV107979

1190129.1

## DECLARATION OF MACKENZIE HUNT

I, MACKENZIE E. HUNT, declare and state as follows:

1.    I am an attorney duly licensed to practice law before all courts of the State of California and am an associate with the law firm of Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, attorneys of record herein for BP West Coast Products LLC ("BPWCP"). I make this declaration in support of BPWCP's Notice of Removal of Action to Federal Court. I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently thereto.

2.    On Tuesday, May 13, 2008, our office learned for the first time that Kassa had filed his First Amended Complaint ("Amended Complaint") on April 11, 2008. In fact, BPWCP was wholly unaware of Kassa's Amended Complaint until my office received a call from the Superior Court Clerk on May 13, inquiring whether BPWCP's Demurrer to Kassa's Complaint should be taken off calendar.

3.    I telephoned Kassa's counsel on Wednesday, May 14, 2008, requesting a copy of Kassa's Amended Complaint, and further informing counsel that BPWCP never received Kassa's Amended Complaint. Kassa's counsel faxed a copy of the Amended Complaint to my office that evening. This is the first copy of Kassa's Amended Complaint that BPWCP ever received. A true and correct copy of the facsimile I received from counsel on the evening of May 14, 2008 is attached hereto as Exhibit A.

4.    On May 20, 2008, I sent a letter to Kassa's counsel confirming BPWCP's receipt of Kassa's Amended Complaint, and further informing counsel that BPWCP considered May 14, 2008 as the date that the Amended Complaint was first served on BPWCP. A true and correct copy of this letter is attached hereto as Exhibit B.

1

1190129.1

5.    Kassa's Application for TRO and accompanying papers were similarly improperly served on BPWCP. The TRO papers were sent via facsimile at the last possible moment to two BPWCP employees who never received the documents. Notwithstanding the fact that there is no agreement by BPWCP to accept any documents via facsimile in this matter (indeed BPWCP has yet to be properly served with the Summons and Complaint), Kassa used incorrect facsimile numbers for the individuals. In addition, the individuals were not authorized to accept service on behalf of BPWCP. As a result, BPWCP did not become aware of the TRO application until over 8 hours <u>after</u> the hearing had taken place. Although Kassa had cell phone numbers for certain BPWCP employees who would have, at least, had an opportunity to inform BPWCP's legal counsel of the pending application, Kassa failed to make a good faith effort to inform BPWCP of the TRO proceedings. The TRO papers were further problematic as they failed to indicate a specific address where the hearing was to take place and also incorrectly identified the department. In sum, Kassa made it impossible for BPWCP to defend itself at the TRO hearing.

6.    I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on May 29, 2008, at Los Angeles, California.

MACKENZIE E. HUNT

DECLARATION OF MACKENZIE E. HUNT IN SUPPORT OF REMOVAL OF ACTION

1190129.1

# FAX TRANSMISSION

**LAW OFFICES OF GEORGE HOLLAND**
**1970 BROADWAY, SUITE 1250**
**OAKLAND, CALIFORNIA 94612-2211**
**Telephone (510) 465-4100**
**Fax (510) 465-4747**

**To:** MacKenzie Hunt

**Date:** 5/14/08

**Fax** (213) 576-1100

**Pages:** [20] **Including cover sheet.**

**From:** George Holland Jr.

**Subject:** 1st Amended Complaint

**Comments:**

IF YOU DO NOT RECEIVE THIS TRANSMISSION IN ITS ENTIRETY, OR IF YOU ARE UNABLE TO DECIPHER ANY OF THE FOLLOWING PAGES, PLEASE DO NOT HESITATE TO CALL (510) 465-4100.

IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND MAIL THE ORIGINAL TRANSMISSION TO US. THANK YOU.

3

(ENDORSED)

1   GEORGE HOLLAND, ESQ., State Bar No. 55740   2008 APR 11 PM 3:25
    **LAW OFFICES OF GEORGE HOLLAND**
2   1970 Broadway, Suite 1030                  KIRI TORRE, CEO
    Oakland, California 94612                  SUPERIOR COURT
3   Telephone: (510) 465-4100                  SANTA CLARA CO.
                                               BY M. Sorum DEPUTY
4   Attorneys for Plaintiffs
    OMER KASSA, OMER KASSA dba H & O, INC.
5   and H & O, INC.

6

7                   SUPERIOR COURT OF CALIFORNIA
8                       COUNTY OF SANTA CLARA
9                      UNLIMITED JURISDICTION
10

11  OMER  KASSA  individually;  OMER)   No. 108CV107979
    KASSA dba H & O, INC., and H & O,)
12  INC.,                            )   **FIRST  AMENDED  COMPLAINT  FOR**
                                     )   **BREACH  OF  CONTRACT,  FRAUD,**
13                                   )   **MISREPRESENTATION,**
            Plaintiffs,             )   **NEGLIGENCE,     RESTRAINING**
14                                   )   **ORDER, INTENTIONAL INFLICTION**
    vs.                              )   **OF  EMOTIONAL  DISTRESS  AND**
15                                   )   **DAMAGES**
    BP WEST COAST PRODUCTS, LLC, dba)
16  ARCO PRODUCTS COMPANY and  DOES 1)      Demand for Jury Trial
    to 50,                          )
17                                   )
            Defendants.
18  _____

19      Plaintiffs OMER KASSA individually; OMER KASSA dba H & O,

20  INC., and H & O, INC., allege:

21            **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

22                     (BREACH OF CONTRACT)

23      1.   Plaintiff H & O, INC., is at all times herein mentioned

24  duly licensed corporation in the State of California and was prese

25  and doing business in the City of Campbell, Santa Clara Count

26  California.  Plaintiff OMER KASSA is the president of H & O, INC., a

27  is doing business as H & O, INC.

28      2.   Defendants BP WEST COAST PRODUCTS, LLC dba ARCO PRODUC

    COMPLAINT FOR DAMAGES                    1

                              4

1   COMPANY and DOES 1 to 50, ("ARCO PRODUCTS COMPANY was subsequent
2   purchased by BP WEST COAST PRODUCTS, LLC") at all times here
3   mentioned were, present and doing business in the City of Campbel
4   Santa Clara County, California.

5       3.    Plaintiffs are the owners, operators and franchisees of
6   ARCO AM/PM gasoline station and mini-market located at 2015 Sou
7   Winchester Boulevard, Campbell, California.    Defendants and each
8   them is the franchisor of the Arco AM/PM Mini-market and the suppli
9   of motor vehicle fuel or oils of like grade and quality, food a
10  other products to plaintiffs.

11      4.    At all times herein mentioned each defendant was an agen
12  servant, employee, partner, joint venturer of the other defendant
13  and each of them and all times herein mentioned, each defendant w
14  acting within the course and scope of this relationship as an agen
15  servant, employee, partner or joint venturer of the other defendant
16  and each of them.

17      5.    Plaintiffs are ignorant of the true names and capacities
18  each of the defendants sued herein as DOES 1 to 50 inclusive a
19  therefore, sues said defendants by such fictitious names.  Plaintif
20  will seek leave to amend the complaint to allege their true names a
21  capacities when the same has been ascertained.

22      6.    Plaintiffs are informed and believes and based upon su
23  information and belief allege that each of the defendants named here
24  or as a DOE is intentionally and negligently responsible in so
25  manner for the occurrences herein alleged and Plaintiffs' injuries a
26  damages as herein alleged were proximately caused by defendant
27  conduct.

28      7.    On or about March 1, 2002 , in the City of Campbell, San

COMPLAINT FOR DAMAGES                    2

5

1  Clara County, plaintiffs and defendants and each of them, entered in
2  an agreement for the use, operation, possession and control of t
3  ARCO AM/PM Mini-market located at 2015  South Winchester Boulevar
4  Campbell, California (hereinafter "ARCO").  According to the terms
5  the agreement, Plaintiffs were required to pay an initial franchis
6  fee of $35,000, lease the property for $2,000 per month and p
7  defendants 15% of his gross sales per month to operate an AM/PM Mi
8  Market, a retail convenience store identified by the service mark a
9  service name of AM/PM for the sale of prepackaged foods, fast food
10 beverages, sundries and convenience store goods and service
11 Plaintiffs paid $500,000 for this franchise and defendants promis
12 at that time not to discriminate in price between plaintiffs a
13 different purchasers of vehicle motor fuels, gasoline or oils of li
14 grade and quality where the effect of such discrimination would less
15 competition or to injure, destroy or prevent competition. Defendan
16 also promised to timely deliver vehicle motor fuels or oils of li
17 grade and quality to plaintiffs and to charge plaintiffs account v
18 electronic funds payment only for those deliveries that actually h
19 occurred.  In exchange, defendants and each of them, were required
20 provide Plaintiffs the equipment necessary to run the AM/P
21 convenience store; timely supply plaintiffs with of motor vehic
22 fuels or oils of like grade and quality and not to discrimina
23 against plaintiffs by charging others lower prices than plaintif
24 either directly or indirectly for gasoline products.

25     9.    At all times herein mentioned, the contract was renewed
26 by the parties on or about March 1, 2005 for another three year peri
27 under the same terms and conditions.  In or about March 2004 a
28 continuing to March 4, 2008,  defendants, and each of them, failed

COMPLAINT FOR DAMAGES                        3

6

1   deliver motor vehicle fuels or oils of like grade and quali
2   (hereinafter "gasoline products"), electronically charged funds fr
3   plaintiffs bank account for undelivered gasoline products a
4   discriminated against plaintiffs either directly or indirectly
5   charging them higher prices for gasoline products than it charg
6   others franchisees' located in close proximity to plaintiffs' AM/
7   to lessen competition, to injure and to cause plaintiffs to lose the
8   business.

9      10.   At all times herein mentioned, Defendants submitted a
10   renewal of the contract to plaintiffs on or about January 19, 200
11   and gave plaintiffs a certain number of days to sign the renew
12   contract.   Plaintiffs complained to defendants both orally and
13   writing about these problems as well as other accounting issues
14   several occasions including on February 27, 2008 during a meetin
15   Plaintiffs tried to discuss the renewal of the contract because issu
16   in the old contract were unresolved. However, defendants have refus
17   and continue their refusal to discuss these problems or take a
18   corrective action. On each occasion, defendants refused to answer a
19   of plaintiffs' questions regarding requirements in the renew
20   contract including the initial deposit fee, monthly rent increases a
21   royalties from gross sales. However, defendants insisted orally th
22   after plaintiffs signed the contract renewal, these issues would
23   addressed.

24      11.   On or about March 1, 2008, the contract between Plaintif
25   and defendants expired and defendants demanded that plaintiffs ren
26   the contract without addressing any of the ongoing problems th
27   plaintiffs had identified such as increased rent, increased costs
28   gasoline products and why other dealers were charged less prices f

COMPLAINT FOR DAMAGES      4

7

1   deliveries and products; and why did defendants charge plaintiffs a

2   electronically take money for their account to pay for deliveries th

3   were never made.

4      12.   At all times herein mentioned, Plaintiffs have performe

5   all conditions, covenants, and promises required on their part to

6   performed in accordance with the terms and conditions of the contrac

7      12.   Defendants breached the Agreement by failing to deliver

8   gasoline products after being timely requested to do so; by chargi

9   Plaintiffs unreasonably high costs for its gasoline products and

10   wrongfully electronically withdrawing funds from plaintiffs' banki

11   account for gasoline products that were never delivered and refusi

12   to return the funds after being requested to do so.

13      13.   Defendants have wholly failed and refused to perform und

14   the terms of the contract and have seized plaintiffs's business a

15   real property preventing plaintiffs from the use, operation a

16   possession of their business as well as lost profits.

17      14.   As a direct and proximate results of these acts, omissic

18   or breaches by defendants, plaintiffs have sustained damages accordi

19   to proof.

20        **SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS**

21                  (CONVERSION)

22      1.   Plaintiffs incorporates by referenced the First Cause o

23   Action herein and alleges as follows.

24      2.   Plaintiffs have performed all the conditions of the

25   contract that are required to be performed. Plaintiffs remains rea

26   and willing to perform all of the terms of the contract applicable

27   Plaintiffs and receive title to the property as promised

28   defendants.

COMPLAINT FOR DAMAGES       5

8

3.  Plaintiffs have no adequate remedy at law because the
contract is for an interest in real property, and pursuant to Civ
Code Section 3387 money damages are presumed inadequate for t
breach. Further, Plaintiffs have already invested $500,000 and
substantial amount of time regarding the property with defendants

4.  The aforementioned acts of defendants, were willful and
intentional and done with malice, oppression and fraud and Plaintif
is therefore entitled to exemplary and punitive damages.

**THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS**

(FRAUD and DECEIT)

1.  Plaintiffs incorporate by referenced the First and Seco
Causes of Action, herein and alleges as follows.

2.  On or about March 1, 2005, defendants entered into
an extension of the original contract for a period of three years f
the purchase of an ARCO AM/PM Mini Market franchise and lease the re
property located at 2015 South Winchester Boulevard, Campbel
California defendants required plaintiffs to authorize electron
funds payments to defendants from plaintiffs' banking accoun
Defendants promised to deliver to plaintiffs gasoline products time
upon request and at reasonable prices as others they charge as we
as to deduct only money owed from plaintiffs' banking account fr
deliveries that were actually made and to correct any amoun
wrongfully deducted from Plaintiffs' banking account upon notic
Defendants falsely and fraudulently represented to plaintiffs th
defendants would credit plaintiffs' account for amounts wrongful
taken but have failed and continue not to do so.

3.  At the time defendants and each of them, made the promise
defendants had no intention of performing them. Defendants and ea

COMPLAINT FOR DAMAGES                6

1 of them, made intentional misrepresentations of material facts

2 Plaintiffs, knowing such statements were untrue with the intent

3 induct Plaintiffs to entering into the contract, continuing with t

4 contract and not terminating it all to their detriment.

5    4.   Plaintiffs are informed and believes that the promises we

6 made by defendants were false and done with the intent to

7 defraud Plaintiffs and that said promises and acts were do

8 maliciously and oppressively.

9    5.   Plaintiffs at the time these promises were made and at a

10 times herein mentioned took the actions alleged and was ignorant

11 defendants' secret intentions not to perform and Plaintiffs could n

12 in the exercise of reasonable diligence have discovered defendant

13 secret intention. In reliance on the promise of defendants, Plaintif

14 entered into the contract and continued with the contract aft

15 defendants made misrepresentations of material facts that they wou

16 correct the problems.  If Plaintiffs had known of the actual intenti

17 of defendants and each of them, he would not have taken such actio

18    6.   Defendants failed to abide by their promises on March 1,

19 2005, by, among other things, such as failing to deliver gasoli

20 products after timely requests were made; failing to charge Plaintif

21 a reasonable costs for gasoline products as compared to other gasoli

22 stations in the area; wrongfully deducting money from Plaintiffs' ba

23 account for money not owed.   As a result of defendants acts and/

24 conduct, Plaintiffs is entitled to damages according to proof.

25    7.   The aforementioned acts of defendants, were willful and

26 intentional and done with malice, oppression and fraud and Plaintif

27 is therefore entitled to exemplary and punitive damages.

28

COMPLAINT FOR DAMAGES                    7

10

**FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

1.    Plaintiffs incorporates by reference the First through Third Causes of Action, herein and allege as follows:

2.    On or about March 1, 2005, Plaintiffs and defendants entered into a written agreement for an ARCO AM/PM Mini Mark Franchise.

3.    By the terms of the agreement, plaintiffs paid $500,000 along with a renewal fee of $20,000 and other money to defendants f the ARCO AM/PM Mini Market.  Defendants promised to deliver gasoli products to Plaintiffs in a timely manner,  lease real property Plaintiffs; charge Plaintiffs reasonable prices for gasoline produc and not charge others in the area less for gasoline products and on transfer money from plaintiffs's banking account for deliveries th actually occurred. Implied in the contract was a covenant defendants that they would act in good faith and deal fairly wi Plaintiffs and that they would do nothing to deprive Plaintiffs of t benefits of the agreement.

4.    Plaintiffs and defendants had a special relationship in that Plaintiffs were in a vulnerable position because they we unsophisticated with the complexities of the transaction. Plaintif relied upon the defendants and each of them and defendants were awa of Plaintiffs' vulnerability and the usual measure of contract damag provide no incentive for its continued performance under the contrac

5.    Plaintiffs performed their obligations under the contrac and defendants breached their obligations under the contact by failing to deliver gasoline products to Plaintiffs at all; by al failing to timely deliver gasoline products; by electronical

---

COMPLAINT FOR DAMAGES                    8

1 transferring money from Plaintiffs' banking account for deliveri
2 that never occurred and by failing to charge Plaintiffs reasonat
3 prices for gasoline products as compared to other gasoline static
4 in close proximity as agreed on or about March 1, 2005. These t
5 faith breaches were a violation of the implied covenant of good fai
6 and fair dealing in that defendants were in a superior positic
7 because Plaintiffs were especially vulnerable. Plaintiffs had
8 immediate need for the real property which were set forth in t
9 contract.

10 7. As a proximate result of the bad faith breach, by
11 defendants and each of them, of their obligations under the contra
12 as herein alleged, Plaintiffs have suffered damages in an amou
13 according to proof.

14 8. As a further proximate result of the tortious breach of
15 the implied covenant of good faith and fair dealing by defendants a
16 each of them, as herein alleged, Plaintiffs sustained emotional a
17 mental distress, anguish, anxiety, sleeplessness and indignity all
18 their general damage in an additional sum according to proof.

19 9. As a further proximate result of the tortious breach of t
20 implied covenant of good faith and fair dealing, by defendants a
21 each of them, Plaintiffs have incurred and will continue to incu
22 medical and related expenses. The full amount of such expenses is n
23 known to Plaintiffs at this time, and Plaintiffs will move to ame
24 this complaint to state such amount when the same becomes known
25 their according to proof.

26 10. The aforementioned acts of defendants, were willful and
27 intentional and done with malice, oppression and fraud and Plaintif
28 is therefore entitled to exemplary and punitive damages.

COMPLAINT FOR DAMAGES 9

12

**FIFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligent Misrepresentation)

1.    Plaintiffs incorporates the First through Fourth Causes

Action and hereby allege as follows.

2.    Defendants and each of them, made the promises

and representations under the contract with no reasonable grounds f

believing them to be true, in that Plaintiffs are informed a

believes that defendants never intended to proceed with the contrac

charge plaintiffs gasoline products at an higher price than others

order to lessen competition and discriminate against plaintiffs wi

the intent to injure; wrongfully electronically transfer funds fr

plaintiffs' bank account and charge them for deliveries that nev

occurred.

3.    At all times herein mentioned, these representations we

made with the intent to defraud Plaintiffs in the manner here

alleged.

4.    Plaintiffs, at the time of these representations were ma

by defendants, and at the time Plaintiffs took the actions here

alleged, were ignorant of the falsity of defendants' representati

and believed them to be true.  In reliance on these representation

Plaintiffs were induced to enter into the contract and relied

defendants' statements and were justified because of the promises a

representations.

5.    As a proximate result of defendants' conduct, Plaintiff:

have suffered damages in a sum according to proof.

**SIXTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligence)

1.    Plaintiffs incorporates by reference the First through

COMPLAINT FOR DAMAGES                    10

1  Fifth Causes of Action herein and alleges.

2      2.   At all times herein mentioned, defendants and each of the
3  owed a duty to Plaintiffs to perform under the contract on the agre
4  upon date in a timely manner.

5      3.   Defendants and each of them, negligently, recklessly or
6  carelessly knew or should have known that the defendants nev
7  intended to proceed with the promises, terms and conditions of t
8  contract and that their conduct would create an unreasonable risk
9  harm and danger to persons and property.

10     4.   As a proximate cause of the negligence of defendants, a
11 each of them, and the resulting harm, Plaintiffs were injured in the
12 health, strength and activity, sustaining injuries to their body a
13 shock and injury to their nervous system and person, all of whi
14 injuries and damages have caused, and continue to cause Plaintif
15 great physical, mental and nervous pain and suffering, loss of us
16 enjoyment and profits all to Plaintiffs' general damage.

17     5.   As a further proximate result of the negligence
18 defendants, and each of them, Plaintiffs were required to, and d
19 employ physicians and surgeons for medical examination and treatme
20 and incurred medical and hospital expenses. Plaintiffs will be oblig
21 to incur further medical and hospital expenses in an amount present
22 unknown.

23     6.   As a further proximate result of the negligence
24 defendants, Plaintiffs were prevented from attending to their busine
25 and lost profits and business and opportunities.

26            **SEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

27                 (Negligent Hiring and Supervision)

28     1.   Plaintiffs incorporate by reference the First through

---

COMPLAINT FOR DAMAGES                    11

Sixth Causes of Action, as though set forth here in full.

    2.    Defendants and each of them, knew or should have known th the named defendants and DOES 1 to 50, were unfit for the positic which they were hired.    Defendants and each of them, failed properly supervise and train defendants and each of them and we directly responsible for the harm to plaintiffs and as a result said lack of training and supervision, for the acts of these named a unnamed defendants.    The acts include the aforementioned.

    3.    Defendants and each of them, ratified the acts of said defendants and at all times herein mentioned, defendants were acti within the course and scope of their employment or agency with t other defendants.

    4.    As a proximate result of the acts of defendants, and ea of them, Plaintiffs suffered extreme and severe mental anguis emotional and physical pain and have been injured in their bodies a minds.

    5.    As a proximate result of defendants' negligent conduct, Plaintiffs have suffered severe and extreme physical injuries, ment and emotional distress all to their general damage.

    6.    As a proximate result of defendants negligent conduct Plaintiffs were unable for period of time, to attend operate i business, lost profits and good will in a sum according to proof.

**EIGHTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Intentional Infliction of Emotional Distress)

    1.    Plaintiffs incorporate by referenced the First through Seven Causes of Action, as though set forth here in full.

    2.    As a result of the wrongful, intentional and malicious acts of defendants and each of them and the fright thereby caused

COMPLAINT FOR DAMAGES          12

1 Plaintiffs, he have suffered extreme and severe mental anguis
2 emotional distress and physical pain and have been injured to the
3 minds and bodies.

4     3. As a proximate result of the acts of defendant, Plaintif
5 were unable for a period of time, to attend to their work and lo
6 earnings in a sum according to proof. Plaintiffs also lost the us
7 possession, good will and profits.

8     4. As a proximate result of defendants willful, wanton and
9 malicious conduct, Plaintiffs became terrified and suffered severe a
10 extreme mental and emotional distress, to Plaintiffs' general damag
11 according to proof.

12     5. The aforementioned acts of defendants, were willful and
13 intentional and done with malice, oppression and fraud and Plainti
14 are therefore entitled to exemplary and punitive damages.

15 **NINTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

16 (Temporary Restraining Order, Preliminary Injunction,
Permanent Injunction)
17

18     1. Plaintiffs incorporate their First through Eighth Causes
Action as though set forth here in full.
19

20     2. Defendants have seized Plaintiffs' franchise and real
property preventing their use, operation and possession. Unl
21
restrained, defendants will continue to wrongfully possess Plaintif
22
business and property and prevent it from operating as a busin
23
earning income, profits, use, possession and control of the premis
24
Their would be to Plaintiffs's great and irreparable injury, for wh
25
pecuniary compensation would not afford adequate relief, in tl
26
Plaintiffs is legally the owner of the Property.
27

28     3. An actual controversy have arisen and now exists betweer

---

COMPLAINT FOR DAMAGES             **13**

16

ay 14 2008 5:12PM   HP LASERJET FAX
Case 5:08-cv-02725-RMW   Document 2-2   Filed 05/30/2008   Page 15 of 23   p.15
r 11 2008 2:34PM   HP LASERJET FAX                                          p.18

1  Plaintiffs and defendants regarding their respective rights

2  duties.

3  Plaintiffs contends he is the legal owner and a Judicial Declarat

4  is necessary and appropriate at their time under all the circumstan

5  so that Plaintiffs may determine their rights.

6              **TENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

7                          (Conspiracy)

8      1.   Plaintiffs incorporate by reference the First through

9  Ninth Causes of Action herein and allege.

10     2.   Defendants and each of them, conspired to participate i

11 charging Plaintiffs unreasonable higher prices for gasoline produ

12 as compared to lower prices they charged others in close proximity

13 plaintiffs' gasoline station, the failure to deliver gasoline produ

14 and wrongfully deducting money from Plaintiffs' bank account ba

15 upon undelivered gasoline products in a fraudulent scheme to cl

16 Plaintiffs' business in order to acquire their franchise and r

17 property to generate money and other benefits to them, financial

18 otherwise, to the total disregard of Plaintiffs' rights causing sev

19 emotional distress and losses to Plaintiffs.

20     3.   None of the transactions could be consummated without

21 Plaintiffs' authority unless each of the Defendants breached their

22 duties and/or acted in a knowing or grossly negligent manner to t

23 detriment of Plaintiffs, and thus foil a system of checks and balanc

24 consisting of the normal and standard custom in a franchisee a

25 franchisor gasoline transaction.   Completion of the transactic

26 herein require simultaneous failures of all Defendants whi

27 Plaintiffs are informed and believe, that defendants herein intend

28 to and so orchestrated so as to defraud Plaintiffs, with the expre

---

COMPLAINT FOR DAMAGES                    14

1  and/or implicit knowledge and concurrence of each of the defendan

2     4.   As a consequence of defendants' misconduct, Plaintiffs h

3  been damaged in an amount yet to be ascertained, including suffer

4  mental and physical distress, plus special damages in an amount to

5  determined.

6     5.   Plaintiffs are also entitled to restitution from Defenda

7  for all losses stemming from their unlawful conduct.   Defenda

8  committed such offenses and engaged in such despicable condu

9  including fraud and conscious disregard of the rights of Plaintif

10  such that punitive damages should be assessed against them.

11            **ELEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

12                 (Unfair and Deceptive Business Practices)

13     1.   Plaintiffs incorporate by reference the First through

14  Tenth Causes of Action herein and allege.

15     2.   Defendants and each of them, engaged in unfair and

16  deceptive business practices in providing services to Plainti

17  herein.  Defendants misrepresented their authority, misrepresented

18  contract provisions, and process for correcting problems

19  defendants, and engaged in an overall pattern and scheme of defraud

20  members of the public including Plaintiffs, into relying upon th

21  professional expertise while in fact Defendants completely disregar

22  the rights of Plaintiffs and put together and continue to operate

23  contract and/or transactions solely for their own benefit and se.

24  interest despite their roles as fiduciaries and/or professionals w.

25  duties of due care and loyalty to Plaintiffs who justifiably rel

26  upon defendants.

27     3.   As a consequence of defendants' misconduct, Plaintiffs ha

28  been damaged in an amount yet to be ascertained, including suffer

COMPLAINT FOR DAMAGES                    15

18

1 | mental and physical distress, plus special damages in an amount to
2 | determined.

3 |     4.   Plaintiffs are also entitled to restitution from Defenda
4 | for all losses stemming from their unlawful conduct. Defenda
5 | committed such offenses and engaged in such despicable condu
6 | including fraud and conscious disregard of the rights of Plaintif
7 | such that punitive damages should be assessed against them.

8 |            **TWELFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**
9 | (Unfair Business Practices Pursuant to Business & Profession Cod
10 | Section 21200)

11 |     1.   Plaintiffs incorporate by reference the First through
12 | Tenth Causes of Action herein and allege.

13 |     2.   At all times herein mentioned, defendants and each of th
14 | were the agents, partners, servants and employees of the otl
15 | defendants and doing the things hereinafter alleged were acting witl
16 | the course and scope of the agency, agreement or services and with
17 | permission and consent of defendants and each of them.

18 |     3.   At all times herein mentioned, defendants and each of th
19 | engaged in a pattern of conduct with the intent to either directly
20 | indirectly discriminate against plaintiffs in the higher price tl
21 | charged to plaintiffs than to other purchasers of motor vehicle fu
22 | or oils of like grade and quality to lessen competition and to inj
23 | and/or destroy plaintiffs' business within the meaning of Business
24 | Professions Code Section 21200.

25 |     4.   As a proximate result of the acts of defendants and each
26 | them, as herein alleged, plaintiffs were required to and did emp
27 | physicians and surgeons for medical examination, treatment and c
28 | for their injuries and did incur medical and incidental expense, 1

---

COMPLAINT FOR DAMAGES         16

04/11/2008 FRI 14:43 [TX/RX NO 5285] @021

1  of business, loss of use, loss profits and other damages.

2      5.   As a further proximate result of the acts of defendants

3  each of them, as herein alleged, plaintiffs have incurred and w

4  incur, further medical and incidental expenses for the care

5  treatment of these injuries as well as lost business, goodwill, l

6  of use and lost profits and other damages, the exact amount of wh

7  is unknown at the present time.

8      6.   The acts and conduct of defendants and each of them as

9  herein alleged were willful, wanton, malicious and oppressive

10  justify the awarding of punitive damages.

11                    **THIRTEENTH CAUSE OF ACTION**

12      (Unruh Civil Rights Violation Civil Code Sections 51 & 52)

13      1.   Plaintiffs incorporate by reference the First through

14  Tenth Causes of Action herein and allege.

15      2.   At all times herein mentioned, defendants and each of the

16  were the agents, partners, servants and employees of the ot

17  defendants and doing the things hereinafter alleged were acting wit

18  the course and scope of the agency, agreement or services and with

19  permission and consent of defendants and each of them.

20      3.   At all times herein mentioned, defendants and each of the

21  were the owners or proprietors or distributors of a busine

22  establishment engaged is the business of manufacturing, selling

23  distributing gasoline products commonly known as BP WEST CO

24  PRODUCTS, LLC dba ARCO PRODUCTS COMPANY, situated in the City of S

25  Jose, Santa Clara, County California.

26      4.   Plaintiff OMER KASSA at all times herein mentioned is o

27  Ethiopian descent and a member of the black race.

28      5.   Plaintiffs are informed and believe and thereon alleges

COMPLAINT FOR DAMAGES                    17

20

1  that defendants and each of them, denied to plaintiffs servic

2  advantages and privileges provided to other persons as alleged abo

3  on account of plaintiffs' race, ancestry or national origin in t

4  defendants discriminated against plaintiffs by charging them hig

5  prices for gasoline products than others in the area, thro

6  electronic transfer for gasoline deliveries that never occurred;

7  charging plaintiffs a higher price for gasoline products than oth

8  in the area and by refusing to discuss these and other problems and

9  seizing and taking possession of plaintiffs' business.

10      6.   Defendants' conduct is wrongful and continues in that

11  defendants remain in possession of plaintiffs' business. Defenda

12  continue to deny plaintiffs request to return the money back i

13  their bank account and to charge plaintiffs' the same amount

14  gasoline products as others in the area which denies plainti

15  because of their race, ancestry or national origin the full and eq

16  advantages, privileges and services of the aforementioned busines

17      7.   Unless defendants and each of them are restrained by a

18  preliminary and permanent injunction by this Court, plaintif

19  injuries will be great and irreparable. Plaintiffs have no pla

20  speedy and adequate remedy at law because of the loss and potent

21  destruction of their business and it would be difficult if

22  impossible for plaintiffs to determine the precise amount of dam

23  which they will suffer if defendants' conduct is not restrained.

24      8.   As a proximate result of the wrongful acts of defendant

25  plaintiffs are entitled to recovery statutory damages up to a maxi

26  of three times the amount of actual damages, but not less than $2

27  plus attorney's fees, as provided by Section 52 of the Civil

28  Code.

---

COMPLAINT FOR DAMAGES          18

21

**FOURTEENTH CAUSE OF ACTION**

(Violation of Petroleum Marketing Practices Act

15 U.S.C. §§ 2801-2806)

1.   Plaintiffs incorporate by reference the First through Thirteenth Causes of Action herein and allege.

2.   At all times herein mentioned, plaintiffs were franchis and defendants and each of them were franchisors engaged in the sa consignment or distribution of motor fuel or gasoline products.

3.   Plaintiffs are informed and believe and thereby allege that defendants and each of them in wrongfully, intentional willfully, purposefully, maliciously and in bad faith failed to cre plaintiffs' banking account for non-deliveries and return the mo wrongfully withdrawn; by charging plaintiffs' higher prices for th gasoline products than others in the same area and refusing to m adjustments to plaintiffs' account; by failing to change provisions of the renewal franchise agreement pertaining to r increases, fees increases, etc., and by threatening plainti independence with termination and/or non-renewal of the franch agreement if plaintiffs failed to comply with defendants' demands

4.   That defendants demand that plaintiffs renewal the contr or face termination amounts to a contract of adhesion and termination or non-renewal disrupts the reasonable expectation plaintiffs to the franchise relationship on a continuous basis.

5.   As a consequence of defendants' misconduct, Plaintiffs h been damaged in an amount yet to be ascertained, including suffer mental and physical distress, plus special damages in an amount to determined.

6.   Plaintiffs are also entitled to restitution from Defendar

COMPLAINT FOR DAMAGES                    19

22

1  for all losses stemming from their unlawful conduct. Defenda

2  committed such offenses and engaged in such despicable condu

3  including fraud and conscious disregard of the rights of Plaintif

4  such that punitive damages should be assessed against them.

5        WHEREFORE, Plaintiffs pray for judgment as follows:

6        1.    For general damages;

7        2.    For compensatory damages;

8        3.    For special damages according to proof;

9        4    For an Order that defendants specifically perform

10  requirements of the Contract between plaintiffs and defendants ente

11  into on or about March 1, 2005.

12        5.    For exemplary and punitive damages according to proof;

13        6.    For loss of use and enjoyment according to proof;

14        7.    For a temporary restraining order, a preliminary injuncti

15  a permanent injunction all enjoining defendants, their agen

16  attorneys and representatives, and all other persons acting in conc

17  or participating with them, from selling or transferring the Prope

18        8.    For costs of suit herein incurred;

19        9.    For a reasonable attorney's fee in a sum according to

20  proof;

21        10.    For interest at the legal rate on the foregoing sum

22  pursuant to Section 3336 of the Civil Code, from March 1, 2008;

23        11.    For such other and further relief as the court may deem

24  proper.

25  DATED:  April 11, 2008

26                                    GEORGE HOLLAND, ESQ.
                                      Attorneys for Plaintiffs
27

28  kassa-1st-amended-complaint

---

**COMPLAINT FOR DAMAGES**                    20

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION

I, OMER KASSA, declare:

That I am the president of H & O, Inc and have read the following:

## COMPLAINT FOR DAMAGES

I, the undersigned have read the foregoing complaint and it is true of my own knowledge, exc

as to those matter stated on information and belief, and as to those matters, I believe them to be tr

I declare under the penalty of perjury under the laws of the State of California that the forego

is true and correct.

Dated: ~~March~~ April 3, 2008

_____

OMER KASSA

President of H & O, Inc.

1

ay 14 2008 5:15PM    HP LASERJET FAX                                          p.23
Case 5:08-cv-02725-RMW   Document 2-2   Filed 05/30/2008   Page 23 of 23
pr 11 2008 2:39PM    HP LASERJET FAX                                          p.26

(ENDORSED)

**PROOF OF SERVICE**    2008 APR 11 PM 3:25
C.C.P. SECTIONS 1013a, 2015.5

KIRI TORRE, CEO
SUPERIOR COURT
SAN M. COUNTY.
BY_____DEPUTY

1
2
3
4    I am a citizen of the United States and employed in the Coun
5 of Alameda; I am over the age of eighteen years and not a party to t
6 within action; my business address is 1970 Broadway, Suite 10
7 Oakland, California, 94612.

8    On April 11, 2008, I served a copy of the attached:

9                **FIRST AMENDED COMPLAINT AND SUMMONS**

10   X        by placing said copy in a sealed envelope with posta
11            thereon  fully  prepaid,  following  ordinary  busine
             practices, said correspondence to be deposited with t
12           United States Postal Service, that same day in the ordina
             course of business, at Oakland, California addressed as s
             forth below.

13   _____   by personally delivering a true copy thereof to t
14           person(s) at the address(es) as set forth below.

15   _____   by sending a copy to Facsimile number _____
             the person at the address(es) as set forth below.

16 Kurt Osenbaugh, Esq.
   Deborah Yoon Jones, Eq.
17 WESTON, BENSHOOF, ROCHEFORT, et al.
   333 South Hope Street, 16th Flr.
18 Los Angeles, CA 90071

19   I declare under penalty of perjury under the laws of the Sta
20 of California that the foregoing is true and correct.

21 Dated: April 11, 2008
22
23                              _____
                                George Holland, Jr.
24
25
26
27
28

1

25

**WB** WESTON BENSHOOF
ROCHEFORT RUBALCAVA MACCUISH LLP
ATTORNEYS AT LAW

(213) 576-1067
mhunt@wbcounsel.com

May 20, 2008

George Holland, Jr., Esq.
LAW OFFICES OF GEORGE HOLLAND
1970 Broadway, Suite 1030
Oakland, CA  94612

   Re: <u>Kassa v. BPWCP</u>

Dear Mr. Holland:

   This will confirm our telephone conversation of May 19, 2008, in which I indicated to you that we received the copy of Kassa's First Amended Complaint that you faxed to our offices on May 14, 2008. As I indicated on the phone, we consider service of your Amended Complaint to have been affected on May 14, 2008, as this is the first date that we received a copy of Kassa's Amended Complaint. Indeed, we had no idea that a First Amended Complaint had been filed until the Court clerk contacted us to inquire whether our Demurrer to the Complaint was still on calendar.

   Please feel free to contact me if you have any questions.

       Sincerely,

       MacKenzie E. Hunt
      WESTON, BENSHOOF,
    ROCHEFORT, RUBALCAVA & MacCUISH LLP

MEH/mm

26

333 SOUTH HOPE STREET • SIXTEENTH FLOOR • LOS ANGELES, CA  90071 • TEL 213 576 1000 • FAX 213 576 1100

2801 TOWNSGATE ROAD, SUITE 215 • WESTLAKE VILLAGE, CA 91361 • TEL 805 497 9474 • FAX 805 497 8804
1189808.1
www.wbcounsel.com

# PROOF OF SERVICE

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On May 30, 2008, I served the document(s) described as **DECLARATION OF MACKENZIE E. HUNT IN SUPPORT OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☐ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☒ BY FEDERAL EXPRESS   ☐ UPS NEXT DAY AIR   ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☒ FEDERAL EXPRESS   ☐ UPS   ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☒ FEDERAL EXPRESS   ☐ UPS   ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒ [Federal]   I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 30, 2008, at Los Angeles, California.

Heather Thai
Heather Thai

11190129 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**KASSA, et al. v. BP WEST COAST PRODUCTS LLC**
**SANTA CLARA SUPERIOR COURT**
**Case No. 108CV107979**

### SERVICE LIST

George Holland, Esq.
LAW OFFICES OF GEORGE HOLLAND
1970 Broadway, Suite 1030
Oakland, CA  94612

Attorney for Plaintiffs, OMER KASSA, OMER KASSA dba H & O, INC. and H & O, INC.

Tel:  (510) 465-4100

1190129.1