KURT OSENBAUGH (State Bar No. 106132)
DEBORAH YOON JONES (State Bar No. 178127)
MacKENZIE E. HUNT (State Bar No. 251127)
**WESTON, BENSHOOF, ROCHEFORT,**
   **RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

Attorneys for Defendant
BP WEST COAST PRODUCTS LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMER KASSA individually; OMER KASSA dba H & O, INC., and H & O, INC., | Case No: C08-02725 PVT |
| Plaintiffs, | **DECLARATION OF DEBORAH YOON JONES IN SUPPORT OF DEFENDANT BP WEST COAST PRODUCTS LLC'S MOTION TO DISMISS** |
| v. | |
| BP WEST COAST PRODUCTS, LLC, dba ARCO PRODUCTS COMPANY and DOES 1 to 50, | [Filed concurrently with Notice of Motion and Motion to Dismiss; Appendix of Non-Federal Authorities; and [Proposed] Order.] |
| Defendants. | Date: To Be Determined |
| | Time: To Be Determined |
| | Crtrm: To Be Determined |
| | Magistrate Judge Patricia V. Trumbull |

# DECLARATION OF DEBORAH YOON JONES

I, Deborah Yoon Jones, declare and state as follows:

1.    I am an attorney duly licensed to practice law before all courts of the State of California and am a partner with the law firm of Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, attorneys of record herein for defendant BP West Coast Products LLC ("BPWCP"), appearing specially to move this Court to dismiss the above captioned action.  I make this declaration in support of BPWCP's Motion to Dismiss as to the First Amended Complaint ("FAC") filed by plaintiff Omer Kassa (representing himself and H&O, Inc.).  I have personal knowledge of the facts set forth in this declaration and if called as a witness, could and would testify competently to them.

2.    Attached hereto as **Exhibit A** is a true and correct copy of plaintiffs' Summons and Complaint entitled *Omer Kassa, et al. v. BP West Coast Products, LLC, et al.,* Santa Clara Superior Court Case No. 108CV107979, filed on March 12, 2008, for breach of contract, conversion, fraud and deceit, breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, negligence, negligent hiring and supervision, intentional infliction of emotional distress, temporary restraining order, preliminary injunction, permanent injunction, conspiracy, unfair and deceptive business practices, unfair business practices pursuant to California Business and Professions Code § 21200, and violations of the Unruh Civil Rights Act, California Civil Code §§ 51 and 52.

3.    Attached hereto as **Exhibit B** is a true and correct copy of the Kassa's First Amended Complaint, filed on April 11, 2008.

4.    Attached hereto as **Exhibit C** is a true and correct copy of BPWCP's Demurrer to Kassa's Complaint, filed on April 18, 2008.

1

1198913.1

1        I declare under penalty of perjury under the laws of the State of

2    California that the foregoing is true and correct.

3        Executed on June 6, 2008, at Los Angeles, California.

4

5

6                                      DEBORAH YOON JONES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DEBORAH YOON JONES

1198913.1

## PROOF OF SERVICE

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On June 6, 2008, I served the document(s) described as **DECLARATION OF DEBORAH YOON JONES IN SUPPORT OF DEFENDANT BP WEST COAST PRODUCTS LLC'S MOTION TO DISMISS** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows: SEE ATTACHED SERVICE LIST

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ BY FEDERAL EXPRESS    ☐ UPS NEXT DAY AIR    ☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS    ☐ UPS    ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of   ☐ FEDERAL EXPRESS    ☐ UPS    ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐ BY FACSIMILE: I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐ BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT: On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☐ [State]    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ [Federal]    I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

_Heather Thai_
Heather Thai

1198913.1

**KASSA, et al. v. BP WEST COAST PRODUCTS LLC**
**United States District Court, Northern District of California**
**Case No. C08-02725 PVT**

**SERVICE LIST**

| | |
|---|---|
| George Holland, Esq.<br>LAW OFFICES OF GEORGE HOLLAND<br>1970 Broadway, Suite 1030<br>Oakland, CA 94612 | Attorney for Plaintiffs, OMER KASSA, OMER KASSA dba H & O, INC. and H & O, INC.<br><br>Tel: (510) 465-4100<br>Fax: (510) 465-4747 |

1198913.1

EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BP West Coast Products, LLC dba Arco Products Company and Does 1
to 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Omer Kassa individually; Omer Kassa dba H & O, Inc., and H & O, Inc.

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more
information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may
lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted
pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/español/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br><br> Superior Court of California/Santa Clara County <br><br> 191 N. First Street <br> San Jose, CA 95113 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **108CV107979** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George Holland, Esq., (55740)/Law Offices of George Holland
1970 Broadway, Suite 1030, Oakland, CA 94612 (510) 465-4100

DATE:                                                                    , Deputy
*(Fecha)*    MAR 12 2008     *(Secretario)*    J. Cao-Nguyen    *(Adjunto)*

Kiri Torre
Chief Executive Officer/Clerk

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant <br> 2. ☐ as the person sued under the fictitious name of *(specify):* <br><br> 3. ☒ on behalf of *(specify):* BP Westcoast Products, LLC <br><br> under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) <br>       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) <br>       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) <br>       ☐ other *(specify):* <br> 4. ☐ by personal delivery on *(date):* |
|---|---|

Page 1 of 1

1 | GEORGE HOLLAND, ESQ., State Bar No. 55740
**LAW OFFICES OF GEORGE HOLLAND**
2 | 1970 Broadway, Suite 1030
Oakland, California 94612
3 | Telephone: (510) 465-4100

4 | Attorneys for Plaintiffs
OMER KASSA, OMER KASSA dba H & O, INC.
5 | and H & O, INC.

**UCS**

6 |

FILED  Santa Clara Co
7 |          03/12/08   2:38Pm
Kiri Torre
8 |          Chief Executive Offic
By: jcaonguyen DTSCIV
9 |          R#200800026161
CK          $320.00
10 |          TL          $320.00
Case: 1-08-CV-107979

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

11 | UNLIMITED JURISDICTION

J. Cao-Nguyen

12 | OMER  KASSA  individually;  OMER)    No. **108CV107979**
KASSA dba H & O, INC., and H & O,)
13 | INC.,                           )    **COMPLAINT  FOR  BREACH  OF**
                                )    **C O N T R A C T ,     F R A U D ,**
14 |                               )    **M I S R E P R E S E N T A T I O N ,**
                                )    **NEGLIGENCE,      RESTRAINING**
15 |          Plaintiffs,          )    **ORDER, INTENTIONAL INFLICTION**
                                )    **OF  EMOTIONAL  DISTRESS  AND**
16 | vs.                           )    **DAMAGES**
                                )
17 | BP WEST COAST PRODUCTS, LLC, dba)
ARCO PRODUCTS COMPANY and  DOES 1)    Demand for Jury Trial
18 | to 50,                        )
                                )
19 |          Defendants.         )

20 |     Plaintiffs OMER KASSA individually; OMER KASSA dba H & O,

21 | INC., and H & O, INC., allege:

22 |         **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

23 |              (BREACH OF CONTRACT)

24 |     1.    Plaintiff H & O, INC., is at all times herein mentioned a

25 | duly licensed corporation in the State of California and was present

26 | and doing business in the City of Campbell, Santa Clara County,

27 | California. Plaintiff OMER KASSA is the president of H & O, INC., and

28 | is doing business as H & O, INC.

COMPLAINT FOR DAMAGES                    1

1    2.   Defendants BP WEST COAST PRODUCTS, LLC dba ARCO PRODUCTS

2   COMPANY and DOES 1 to 50, ("ARCO PRODUCTS COMPANY was subsequently

3   purchased by BP WEST COAST PRODUCTS, LLC") at all times herein

4   mentioned were, present and doing business in the City of Campbell,

5   Santa Clara County, California.

6    3.   Plaintiffs are the owners, operators and franchisees of an

7   ARCO AM/PM gasoline station and mini-market located at 2015 South

8   Winchester Boulevard, Campbell, California.   Defendants and each of

9   them is the franchisor of the Arco AM/PM Mini-market and the supplier

10   of motor vehicle fuel or oils of like grade and quality, food and

11   other products to plaintiffs.

12    4.   At all times herein mentioned each defendant was an agent,

13   servant, employee, partner, joint venturer of the other defendants

14   and each of them and all times herein mentioned, each defendant was

15   acting within the course and scope of this relationship as an agent,

16   servant, employee, partner or joint venturer of the other defendants,

17   and each of them.

18    5.   Plaintiffs are ignorant of the true names and capacities of

19   each of the defendants sued herein as DOES 1 to 50 inclusive and

20   therefore, sues said defendants by such fictitious names.  Plaintiffs

21   will seek leave to amend the complaint to allege their true names and

22   capacities when the same has been ascertained.

23    6.   Plaintiffs are informed and believes and based upon such

24   information and belief allege that each of the defendants named herein

25   or as a DOE is intentionally and negligently responsible in some

26   manner for the occurrences herein alleged and Plaintiffs' injuries and

27   damages as herein alleged were proximately caused by defendants'

28   conduct.

7.    On or about March 1, 2002 , in the City of Campbell, Santa Clara County, plaintiffs and defendants and each of them, entered into an agreement for the use, operation, possession and control of the ARCO AM/PM Mini-market located at 2015  South Winchester Boulevard, Campbell, California (hereinafter "ARCO").  According to the terms of the agreement, Plaintiffs were required to pay an initial franchisee fee of $35,000, lease the property for $2,000 per month and pay defendants 15% of his gross sales per month to operate an AM/PM Mini Market, a retail convenience store identified by the service mark and service name of AM/PM for the sale of prepackaged foods, fast foods, beverages, sundries and convenience store goods and services. Plaintiffs paid $500,000 for this franchise and defendants promised at that time not to discriminate in price between plaintiffs and different purchasers of vehicle motor fuels, gasoline or oils of like grade and quality where the effect of such discrimination would lessen competition or to injure, destroy or prevent competition. Defendants also promised to timely deliver vehicle motor fuels or oils of like grade and quality to plaintiffs and to charge plaintiffs account via electronic funds payment only for those deliveries that actually had occurred.  In exchange, defendants and each of them, were required to provide Plaintiffs the equipment necessary to run the AM/PM, convenience store; timely supply plaintiffs with of motor vehicle fuels or oils of like grade and quality and not to discriminate against plaintiffs by charging others lower prices than plaintiffs either directly or indirectly for gasoline products.

9.    At all times herein mentioned, the contract was renewed by the parties on or about March 1, 2005 for another three year period under the same terms and conditions.  In or about March 2004 and

---

1  continuing to March 4, 2008, defendants, and each of them, failed to
2  deliver motor vehicle fuels or oils of like grade and quality
3  (hereinafter "gasoline products"), electronically charged funds from
4  plaintiffs bank account for undelivered gasoline products and
5  discriminated against plaintiffs either directly or indirectly by
6  charging them higher prices for gasoline products than it charged
7  others franchisees' located in close proximity to plaintiffs' AM/PM
8  to lessen competition, to injure and to cause plaintiffs to lose their
9  business.

10     10.  At all times herein mentioned, Defendants submitted a
11  renewal of the contract to plaintiffs on or about January 19, 2008,
12  and gave plaintiffs a certain number of days to sign the renewal
13  contract.  Plaintiffs complained to defendants both orally and in
14  writing about these problems as well as other accounting issues on
15  several occasions including on February 27, 2008 during a meeting.
16  Plaintiffs tried to discuss the renewal of the contract because issues
17  in the old contract were unresolved. However, defendants have refused
18  and continue their refusal to discuss these problems or take any
19  corrective action.  On each occasion, defendants refused to answer any
20  of plaintiffs' questions regarding requirements in the renewal
21  contract including the initial deposit fee, monthly rent increases and
22  royalties from gross sales.  However, defendants insisted orally that
23  after plaintiffs signed the contract renewal, these issues would be
24  addressed.

25     11.  On or about March 1, 2008, the contract between Plaintiffs
26  and defendants expired and defendants demanded that plaintiffs renew
27  the contract without addressing any of the ongoing problems that
28  plaintiffs had identified such as increased rent, increased costs of

COMPLAINT FOR DAMAGES                4
                                     7

1 gasoline products and why other dealers were charged less prices for

2 deliveries and products; and why did defendants charge plaintiffs and

3 electronically take money for their account to pay for deliveries that

4 were never made.

5     12.  At all times herein mentioned, Plaintiffs have performed

6 all conditions, covenants, and promises required on their part to be

7 performed in accordance with the terms and conditions of the contract.

8     12.  Defendants breached the Agreement by failing to deliver

9 gasoline products after being timely requested to do so; by charging

10 Plaintiffs unreasonably high costs for its gasoline products and by

11 wrongfully electronically withdrawing funds from plaintiffs' banking

12 account for gasoline products that were never delivered and refusing

13 to return the funds after being requested to do so.

14     13.  Defendants have wholly failed and refused to perform under

15 the terms of the contract and have seized plaintiffs's business and

16 real property preventing plaintiffs from the use, operation and

17 possession of their business as well as lost profits.

18     14.  As a direct and proximate results of these acts, omissions

19 or breaches by defendants, plaintiffs have sustained damages according

20 to proof.

21     **SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS**

22     (CONVERSION)

23     1.  Plaintiffs incorporates by referenced the First Cause of

24 Action herein and alleges as follows.

25     2.  Plaintiffs have performed all the conditions of the

26 contract that are required to be performed.  Plaintiffs remains ready

27 and willing to perform all of the terms of the contract applicable to

28 Plaintiffs and receive title to the property as promised by

---

COMPLAINT FOR DAMAGES       5

1  defendants.

2      3.    Plaintiffs have no adequate remedy at law because the

3  contract is for an interest in real property, and pursuant to Civil

4  Code Section 3387 money damages are presumed inadequate for the

5  breach. Further, Plaintiffs have already invested $500,000 and a

6  substantial amount of time regarding the property with defendants.

7      4.    The aforementioned acts of defendants, were willful and

8  intentional and done with malice, oppression and fraud and Plaintiffs

9  is therefore entitled to exemplary and punitive damages.

10              **THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS**

11                        (FRAUD and DECEIT)

12      1.    Plaintiffs incorporate by referenced the First and Second

13  Causes of Action, herein and alleges as follows.

14      2.    On or about March 1, 2005, defendants entered into

15  an extension of the original contract for a period of three years for

16  the purchase of an ARCO AM/PM Mini Market franchise and lease the real

17  property located at 2015 South Winchester Boulevard, Campbell,

18  California defendants required plaintiffs to authorize electronic

19  funds payments to defendants from plaintiffs' banking account.

20  Defendants promised to deliver to plaintiffs gasoline products timely

21  upon request and at reasonable prices as others they charge as well

22  as to deduct only money owed from plaintiffs' banking account from

23  deliveries that were actually made and to correct any amounts

24  wrongfully deducted from Plaintiffs' banking account upon notice.

25  Defendants falsely and fraudulently represented to plaintiffs that

26  defendants would credit plaintiffs' account for amounts wrongfully

27  taken but have failed and continue not to do so.

28      3.    At the time defendants and each of them, made the promises

---

COMPLAINT FOR DAMAGES                6

1  defendants had no intention of performing them.  Defendants and each

2  of them, made intentional misrepresentations of material facts to

3  Plaintiffs, knowing such statements were untrue with the intent to

4  induct Plaintiffs to entering into the contract, continuing with the

5  contract and not terminating it all to their detriment.

6      4.   Plaintiffs are informed and believes that the promises were

7  made by defendants were false and done with the intent to

8  defraud Plaintiffs and that said promises and acts were done

9  maliciously and oppressively.

10     5.   Plaintiffs at the time these promises were made and at all

11 times herein mentioned took the actions alleged and was ignorant of

12 defendants' secret intentions not to perform and Plaintiffs could not

13 in the exercise of reasonable diligence have discovered defendants'

14 secret intention. In reliance on the promise of defendants, Plaintiffs

15 entered into the contract and continued with the contract after

16 defendants made misrepresentations of material facts that they would

17 correct the problems.  If Plaintiffs had known of the actual intention

18 of defendants and each of them, he would not have taken such action.

19     6.   Defendants failed to abide by their promises on March 1,

20 2005, by, among other things, such as failing to deliver gasoline

21 products after timely requests were made; failing to charge Plaintiffs

22 a reasonable costs for gasoline products as compared to other gasoline

23 stations in the area; wrongfully deducting money from Plaintiffs' bank

24 account for money not owed.   As a result of defendants acts and/or

25 conduct, Plaintiffs is entitled to damages according to proof.

26     7.   The aforementioned acts of defendants, were willful and

27 intentional and done with malice, oppression and fraud and Plaintiffs

28 is therefore entitled to exemplary and punitive damages.

**FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

1.  Plaintiffs incorporates by reference the First through Third Causes of Action, herein and allege as follows:

2.  On or about March 1, 2005, Plaintiffs and defendants entered into a written agreement for an ARCO AM/PM Mini Market Franchise.

3.  By the terms of the agreement, plaintiffs paid $500,000 along with a renewal fee of $20,000 and other money to defendants for the ARCO AM/PM Mini Market.  Defendants promised to deliver gasoline products to Plaintiffs in a timely manner,  lease real property to Plaintiffs; charge Plaintiffs reasonable prices for gasoline products and not charge others in the area less for gasoline products and only transfer money from plaintiffs's banking account for deliveries that actually occurred. Implied in the contract was a covenant by defendants that they would act in good faith and deal fairly with Plaintiffs and that they would do nothing to deprive Plaintiffs of the benefits of the agreement.

4.  Plaintiffs and defendants had a special relationship in that Plaintiffs were in a vulnerable position because they were unsophisticated with the complexities of the transaction. Plaintiffs relied upon the defendants and each of them and defendants were aware of Plaintiffs' vulnerability and the usual measure of contract damages provide no incentive for its continued performance under the contract.

5.  Plaintiffs performed their obligations under the contract and defendants breached their obligations under the contact by failing to deliver gasoline products to Plaintiffs at all; by also failing to timely deliver gasoline products; by electronically

---

1  transferring money from Plaintiffs' banking account for deliveries
2  that never occurred and by failing to charge Plaintiffs reasonable
3  prices for gasoline products as compared to other gasoline stations
4  in close proximity as agreed on or about March 1, 2005.  These bad
5  faith breaches were a violation of the implied covenant of good faith
6  and fair dealing in that defendants were in a superior position,
7  because Plaintiffs were especially vulnerable.  Plaintiffs had an
8  immediate need for the real property which were set forth in the
9  contract.

10     7.   As a proximate result of the bad faith breach, by
11  defendants and each of them, of their obligations under the contract
12  as herein alleged, Plaintiffs have suffered damages in an amount
13  according to proof.

14     8.   As a further proximate result of the tortious breach of
15  the implied covenant of good faith and fair dealing by defendants and
16  each of them, as herein alleged, Plaintiffs sustained emotional and
17  mental distress, anguish, anxiety, sleeplessness and indignity all to
18  their general damage in an additional sum according to proof.

19     9.   As a further proximate result of the tortious breach of the
20  implied covenant of good faith and fair dealing, by defendants and
21  each of them, Plaintiffs have incurred and will continue to incur,
22  medical and related expenses.  The full amount of such expenses is not
23  known to Plaintiffs at this time, and Plaintiffs will move to amend
24  this complaint to state such amount when the same becomes known to
25  their according to proof.

26     10.  The aforementioned acts of defendants, were willful and
27  intentional and done with malice, oppression and fraud and Plaintiffs
28  is therefore entitled to exemplary and punitive damages.

**FIFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligent Misrepresentation)

1.    Plaintiffs incorporates the First through Fourth Causes of Action and hereby allege as follows.

2.    Defendants and each of them, made the promises and representations under the contract with no reasonable grounds for believing them to be true, in that Plaintiffs are informed and believes that defendants never intended to proceed with the contract, charge plaintiffs gasoline products at an higher price than others in order to lessen competition and discriminate against plaintiffs with the intent to injure; wrongfully electronically transfer funds from plaintiffs' bank account and charge them for deliveries that never occurred.

3.    At all times herein mentioned, these representations were made with the intent to defraud Plaintiffs in the manner herein alleged.

4.    Plaintiffs, at the time of these representations were made by defendants, and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of defendants' representation and believed them to be true.  In reliance on these representations, Plaintiffs were induced to enter into the contract and relied on defendants' statements and were justified because of the promises and representations.

5.    As a proximate result of defendants' conduct, Plaintiffs have suffered damages in a sum according to proof.

**SIXTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligence)

1.    Plaintiffs incorporates by reference the First through

COMPLAINT FOR DAMAGES                    10

1  Fifth Causes of Action herein and alleges.

2      2.    At all times herein mentioned, defendants and each of them,

3  owed a duty to Plaintiffs to perform under the contract on the agreed

4  upon date in a timely manner.

5      3.    Defendants and each of them, negligently, recklessly or

6  carelessly knew or should have known that the defendants never

7  intended to proceed with the promises, terms and conditions of the

8  contract and that their conduct would create an unreasonable risk of

9  harm and danger to persons and property.

10     4.    As a proximate cause of the negligence of defendants, and

11 each of them, and the resulting harm, Plaintiffs were injured in their

12 health, strength and activity, sustaining injuries to their body and

13 shock and injury to their nervous system and person, all of which

14 injuries and damages have caused, and continue to cause Plaintiffs

15 great physical, mental and nervous pain and suffering, loss of use,

16 enjoyment and profits all to Plaintiffs' general damage.

17     5.    As a further proximate result of the negligence of

18 defendants, and each of them, Plaintiffs were required to, and did

19 employ physicians and surgeons for medical examination and treatment

20 and incurred medical and hospital expenses. Plaintiffs will be obliged

21 to incur further medical and hospital expenses in an amount presently

22 unknown.

23     6.    As a further proximate result of the negligence of

24 defendants, Plaintiffs were prevented from attending to their business

25 and lost profits and business and opportunities.

26          **SEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

27              (Negligent Hiring and Supervision)

28     1.    Plaintiffs incorporate by reference the First through

---

COMPLAINT FOR DAMAGES                    11

1  Sixth Causes of Action, as though set forth here in full.

2      2.    Defendants and each of them, knew or should have known that

3  the named defendants and DOES 1 to 50, were unfit for the positions

4  which they were hired.    Defendants and each of them, failed to

5  properly supervise and train defendants and each of them and were

6  directly responsible for the harm to plaintiffs and as a result of

7  said lack of training and supervision, for the acts of these named and

8  unnamed defendants.    The acts include the aforementioned.

9      3.    Defendants and each of them, ratified the acts of said

10 defendants and at all times herein mentioned, defendants were acting

11 within the course and scope of their employment or agency with the

12 other defendants.

13     4.    As a proximate result of the acts of defendants, and each

14 of them, Plaintiffs suffered extreme and severe mental anguish,

15 emotional and physical pain and have been injured in their bodies and

16 minds.

17     5.    As a proximate result of defendants' negligent conduct,

18 Plaintiffs have suffered severe and extreme physical injuries, mental

19 and emotional distress all to their general damage.

20     6.    As a proximate result of defendants negligent conduct

21 Plaintiffs were unable for period of time, to attend operate its

22 business, lost profits and good will in a sum according to proof.

23          **EIGHTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

24          (Intentional Infliction of Emotional Distress)

25     1.    Plaintiffs incorporate by referenced the First through

26 Seven Causes of Action, as though set forth here in full.

27     2.    As a result of the wrongful, intentional and malicious

28 acts of defendants and each of them and the fright thereby caused to

---

COMPLAINT FOR DAMAGES                    12

1  Plaintiffs, he have suffered extreme and severe mental anguish,
2  emotional distress and physical pain and have been injured to their
3  minds and bodies.

4      3.   As a proximate result of the acts of defendant, Plaintiffs
5  were unable for a period of time, to attend to their work and lost
6  earnings in a sum according to proof.  Plaintiffs also lost the use,
7  possession, good will and profits.

8      4.   As a proximate result of defendants willful, wanton and
9  malicious conduct, Plaintiffs became terrified and suffered severe and
10 extreme mental and emotional distress, to Plaintiffs' general damages
11 according to proof.

12     5.   The aforementioned acts of defendants, were willful and
13 intentional and done with malice, oppression and fraud and Plaintiffs
14 are therefore entitled to exemplary and punitive damages.

15              **NINTH CAUSE OF ACTION AS TO ALL DEFENDANTS**
16        (Temporary Restraining Order, Preliminary Injunction,
17                     Permanent Injunction)

18     1.   Plaintiffs incorporate their First through Eighth Causes of
19 Action as though set forth here in full.

20     2.   Defendants have seized Plaintiffs' franchise and real
21 property preventing their use, operation and possession. Unless
22 restrained, defendants will continue to wrongfully possess Plaintiffs'
23 business and property and prevent it from operating as a business
24 earning income, profits, use, possession and control of the premises.
25 Their would be to Plaintiffs's great and irreparable injury, for which
26 pecuniary compensation would not afford adequate relief, in that
27 Plaintiffs is legally the owner of the Property.

28     3.   An actual controversy have arisen and now exists between

---

COMPLAINT FOR DAMAGES                13

1  Plaintiffs and defendants regarding their respective rights and

2  duties.

3  Plaintiffs contends he is the legal owner and a Judicial Declaration

4  is necessary and appropriate at their time under all the circumstances

5  so that Plaintiffs may determine their rights.

### TENTH CAUSE OF ACTION AS TO ALL DEFENDANTS

#### (Conspiracy)

8      1.    Plaintiffs incorporate by reference the First through

9  Ninth Causes of Action herein and allege.

10     2.    Defendants and each of them, conspired to participate in

11  charging Plaintiffs unreasonable higher prices for gasoline products

12  as compared to lower prices they charged others in close proximity to

13  plaintiffs' gasoline station, the failure to deliver gasoline products

14  and wrongfully deducting money from Plaintiffs' bank account based

15  upon undelivered gasoline products in a fraudulent scheme to close

16  Plaintiffs' business in order to acquire their franchise and real

17  property to generate money and other benefits to them, financial and

18  otherwise, to the total disregard of Plaintiffs' rights causing severe

19  emotional distress and losses to Plaintiffs.

20     3.    None of the transactions could be consummated without

21  Plaintiffs' authority unless each of the Defendants breached their

22  duties and/or acted in a knowing or grossly negligent manner to the

23  detriment of Plaintiffs, and thus foil a system of checks and balances

24  consisting of the normal and standard custom in a franchisee and

25  franchisor gasoline transaction.  Completion of the transactions

26  herein require simultaneous failures of all Defendants which

27  Plaintiffs are informed and believe, that defendants herein intended

28  to and so orchestrated so as to defraud Plaintiffs, with the express

---

COMPLAINT FOR DAMAGES                    14

1   and/or implicit knowledge and concurrence of each of the defendants.

2       4.   As a consequence of defendants' misconduct, Plaintiffs have

3   been damaged in an amount yet to be ascertained, including suffering

4   mental and physical distress, plus special damages in an amount to be

5   determined.

6       5.   Plaintiffs are also entitled to restitution from Defendants

7   for all losses stemming from their unlawful conduct.   Defendants

8   committed such offenses and engaged in such despicable conduct,

9   including fraud and conscious disregard of the rights of Plaintiffs,

10  such that punitive damages should be assessed against them.

11              **ELEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

12               (Unfair and Deceptive Business Practices)

13      1.   Plaintiffs incorporate by reference the First through

14  Tenth Causes of Action herein and allege.

15      2.   Defendants and each of them, engaged in unfair and

16  deceptive business practices in providing services to Plaintiffs

17  herein. Defendants misrepresented their authority, misrepresented the

18  contract provisions, and process for correcting problems by

19  defendants, and engaged in an overall pattern and scheme of defrauding

20  members of the public including Plaintiffs, into relying upon their

21  professional expertise while in fact Defendants completely disregarded

22  the rights of Plaintiffs and put together and continue to operate the

23  contract and/or transactions solely for their own benefit and self-

24  interest despite their roles as fiduciaries and/or professionals with

25  duties of due care and loyalty to Plaintiffs who justifiably relied

26  upon defendants.

27      3.   As a consequence of defendants' misconduct, Plaintiffs have

28  been damaged in an amount yet to be ascertained, including suffering

---

COMPLAINT FOR DAMAGES                    15

1  mental and physical distress, plus special damages in an amount to be
2  determined.

3      4.    Plaintiffs are also entitled to restitution from Defendants
4  for all losses stemming from their unlawful conduct. Defendants
5  committed such offenses and engaged in such despicable conduct,
6  including fraud and conscious disregard of the rights of Plaintiffs,
7  such that punitive damages should be assessed against them.

8                **TWELFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**
9   (Unfair Business Practices Pursuant to Business & Profession Code
10  Section 21200)

11      1.    Plaintiffs incorporate by reference the First through
12  Tenth Causes of Action herein and allege.

13      2.    At all times herein mentioned, defendants and each of them,
14  were the agents, partners, servants and employees of the other
15  defendants and doing the things hereinafter alleged were acting within
16  the course and scope of the agency, agreement or services and with the
17  permission and consent of defendants and each of them.

18      3.    At all times herein mentioned, defendants and each of them,
19  engaged in a pattern of conduct with the intent to either directly or
20  indirectly to discriminate against plaintiffs in the higher price they
21  charged to plaintiffs than to different purchasers of motor vehicle
22  fuels or oils of like grade and quality to lessen competition and to
23  injury and/or destroy plaintiffs' business within the meaning of
24  Business and Professions Code Section 21200.

25      4.    As a proximate result of the acts of defendants and each of
26  them, as herein alleged, plaintiffs were required to and did employ
27  physicians and surgeons for medical examination, treatment and care
28  for their injuries and did incur medical and incidental expense, loss

---

COMPLAINT FOR DAMAGES                16

1 of business, loss of use, loss profits and other damages.

2     5.   As a further proximate result of the acts of defendants and

3 each of them, as herein alleged, plaintiffs have incurred and will

4 incur, further medical and incidental expenses for the care and

5 treatment of these injuries as well as lost business, goodwill, lost

6 of use and lost profits and other damages, the exact amount of which

7 is unknown at the present time.

8     6.   The acts and conduct of defendants and each of them as

9 herein alleged were willful, wanton, malicious and oppressive and

10 justify the awarding of punitive damages.

11 **THIRTEENTH CAUSE OF ACTION**

12   (Unruh Civil Rights Violation Civil Code Sections 51 & 52)

13     1.   Plaintiffs incorporate by reference the First through

14 Tenth Causes of Action herein and allege.

15     2.   At all times herein mentioned, defendants and each of them,

16 were the agents, partners, servants and employees of the other

17 defendants and doing the things hereinafter alleged were acting within

18 the course and scope of the agency, agreement or services and with the

19 permission and consent of defendants and each of them.

20     3.   At all times herein mentioned, defendants and each of them,

21 were the owners or proprietors or distributors of a business

22 establishment engaged is the business of manufacturing, selling or

23 distributing gasoline products commonly known as BP WEST COAST

24 PRODUCTS, LLC dba ARCO PRODUCTS COMPANY, situated in the City of San

25 Jose, Santa Clara, County California.

26     4.   Plaintiff OMER KASSA at all times herein mentioned is of

27 Ethiopian descent and a member of the black race.

28     5.   Plaintiffs are informed and believe and thereon alleges

---

COMPLAINT FOR DAMAGES        17

1    that defendants and each of them, denied to plaintiffs services,

2    advantages and privileges provided to other persons as alleged above,

3    on account of plaintiffs' race, ancestry or national origin in that

4    defendants discriminated against plaintiffs by charging them higher

5    prices for gasoline products than others in the area, through

6    electronic transfer for gasoline deliveries that never occurred; by

7    charging plaintiffs a higher price for gasoline products than others

8    in the area and by refusing to discuss these and other problems and by

9    seizing and taking possession of plaintiffs' business.

10       6.   Defendants' conduct is wrongful and continues in that

11    defendants remain in possession of plaintiffs' business. Defendants

12    continue to deny plaintiffs request to return the money back into

13    their bank account and to charge plaintiffs' the same amount for

14    gasoline products as others in the area which denies plaintiffs,

15    because of their race, ancestry or national origin the full and equal

16    advantages, privileges and services of the aforementioned business.

17       7.   Unless defendants and each of them are restrained by a

18    preliminary and permanent injunction by this Court, plaintiffs'

19    injuries will be great and irreparable. Plaintiffs have no plain,

20    speedy and adequate remedy at law because of the loss and potential

21    destruction of their business and it would be difficult if not

22    impossible for plaintiffs to determine the precise amount of damage

23    which they will suffer if defendants' conduct is not restrained.

24       8.   As a proximate result of the wrongful acts of defendants,

25    plaintiffs are entitled to recovery statutory damages up to a maximum

26    of three times the amount of actual damages, but not less than $250,

27    plus attorney's fees, as provided by Section 52 of the Civil

28    Code.

COMPLAINT FOR DAMAGES      18

1    WHEREFORE, Plaintiffs pray for judgment as follows:

2    1.    For general damages;

3    2.    For compensatory damages;

4    3.    For special damages according to proof;

5    4    For an Order that defendants specifically perform the

6    requirements of the Contract between plaintiffs and defendants entered

7    into on or about March 1, 2005.

8    5.    For exemplary and punitive damages according to proof;

9    6.    For loss of use and enjoyment according to proof;

10   7.    For a temporary restraining order, a preliminary injunction,

11   a permanent injunction all enjoining defendants, their agents,

12   attorneys and representatives, and all other persons acting in concert

13   or participating with them, from selling or transferring the Property

14   8.    For costs of suit herein incurred;

15   9.    For a reasonable attorney's fee in a sum according to

16   proof;

17   10.   For interest at the legal rate on the foregoing sum

18   pursuant to Section 3336 of the Civil Code, from March 1, 2008;

19   11.   For such other and further relief as the court may deem

20   proper.

21   DATED:   March 12, 2008

22   _____
     GEORGE HOLLAND, ESQ.
23   Attorneys for Plaintiffs

24

25   kassa-complaint

26

27

28

---

COMPLAINT FOR DAMAGES                 19

EXHIBIT B

(ENDORSED)

1  GEORGE HOLLAND, ESQ., State Bar No. 55740   2008 APR 11  PM 3:25
   **LAW OFFICES OF GEORGE HOLLAND**
2  1970 Broadway, Suite 1030                   KIRI TORRE, CEO
   Oakland, California  94612                  SUPERIOR COURT
3  Telephone:  (510) 465-4100                  SANTA CLARA CO.

4  Attorneys for Plaintiffs                    BY  M. Sorum  DEPUTY
   OMER KASSA, OMER KASSA dba H & O, INC.
5  and H & O, INC.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10                     UNLIMITED JURISDICTION

11 OMER  KASSA  individually;  OMER)      No. 108CV107979
   KASSA dba H & O, INC., and H & O,)
12 INC.,                            )      **FIRST  AMENDED  COMPLAINT  FOR**
                                    )      **BREACH  OF  CONTRACT,  FRAUD,**
13                                  )      **M I S R E P R E S E N T A T I O N ,**
            Plaintiffs,             )      **NEGLIGENCE,      RESTRAINING**
14                                  )      **ORDER, INTENTIONAL INFLICTION**
   vs.                              )      **OF  EMOTIONAL  DISTRESS  AND**
15                                  )      **DAMAGES**
   BP WEST COAST PRODUCTS, LLC, dba)
16 ARCO PRODUCTS COMPANY and  DOES 1)      Demand for Jury Trial
   to 50,                          )
17                                  )
            Defendants.             )
18 _____

19      Plaintiffs OMER KASSA individually; OMER KASSA dba H & O,

20 INC., and H & O, INC., allege:

21           **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

22                   (BREACH OF CONTRACT)

23      1.   Plaintiff H & O, INC., is at all times herein mentioned

24 duly licensed corporation in the State of California and was prese

25 and doing business in the City of Campbell, Santa Clara Count

26 California.  Plaintiff OMER KASSA is the president of H & O, INC., a

27 is doing business as H & O, INC.

28      2.   Defendants BP WEST COAST PRODUCTS, LLC dba ARCO PRODUC

_____

COMPLAINT FOR DAMAGES                    1

04/11/2008 FRI 14:43 [TX/RX NO 5285] @006

ay 14 2008 5:08PM    HP    SERJET FAX                                    P.3

r 11 2008 2:28PM  'HP  ASERJET FAX                                      P.6

1  COMPANY and DOES 1 to 50, ("ARCO PRODUCTS COMPANY was subsequent

2  purchased by BP WEST COAST PRODUCTS, LLC") at all times here

3  mentioned were, present and doing business in the City of Campbel

4  Santa Clara County, California.

5      3.   Plaintiffs are the owners, operators and franchisees of

6  ARCO AM/PM gasoline station and mini-market located at 2015 Sou

7  Winchester Boulevard, Campbell, California.   Defendants and each

8  them is the franchisor of the Arco AM/PM Mini-market and the suppli

9  of motor vehicle fuel or oils of like grade and quality, food a

10 other products to plaintiffs.

11     4.   At all times herein mentioned each defendant was an agen

12 servant, employee, partner, joint venturer of the other defendant:

13 and each of them and all times herein mentioned, each defendant w

14 acting within the course and scope of this relationship as an agen

15 servant, employee, partner or joint venturer of the other defendant

16 and each of them.

17     5.   Plaintiffs are ignorant of the true names and capacities

18 each of the defendants sued herein as DOES 1 to 50 inclusive a

19 therefore, sues said defendants by such fictitious names.  Plaintif

20 will seek leave to amend the complaint to allege their true names a

21 capacities when the same has been ascertained.

22     6.   Plaintiffs are informed and believes and based upon su

23 information and belief allege that each of the defendants named here

24 or as a DOE is intentionally and negligently responsible in so

25 manner for the occurrences herein alleged and Plaintiffs' injuries a

26 damages as herein alleged were proximately caused by defendant

27 conduct.

28     7.   On or about March 1, 2002 , in the City of Campbell, San

COMPLAINT FOR DAMAGES                    2

24

04/11/2008 FRI 14:43 [TX/RX NO 5285] ☑007

May 14 2008 5:08PM    HP   'SERJET FAX                                    P.4

Apr 11 2008 2:29PM    HP   ASERJET FAX                          ᴴᴼᵀ       P.7

1   Clara County, plaintiffs and defendants and each of them, entered in

2   an agreement for the use, operation, possession and control of t

3   ARCO AM/PM Mini-market located at 2015  South Winchester Boulevar

4   Campbell, California (hereinafter "ARCO").  According to the terms

5   the agreement, Plaintiffs were required to pay an initial franchis

6   fee of $35,000, lease the property for $2,000 per month and p

7   defendants 15% of his gross sales per month to operate an AM/PM Mi

8   Market, a retail convenience store identified by the service mark a

9   service name of AM/PM for the sale of prepackaged foods, fast food

10  beverages,  sundries  and  convenience  store  goods  and  service

11  Plaintiffs paid $500,000 for this franchise and defendants promis

12  at that time not to discriminate in price between plaintiffs a

13  different purchasers of vehicle motor fuels, gasoline or oils of li

14  grade and quality where the effect of such discrimination would less

15  competition or to injure, destroy or prevent competition. Defendan

16  also promised to timely deliver vehicle motor fuels or oils of li

17  grade and quality to plaintiffs and to charge plaintiffs account v

18  electronic funds payment only for those deliveries that actually h

19  occurred.  In exchange, defendants and each of them, were required

20  provide  Plaintiffs  the  equipment  necessary  to  run  the  AM/PⁱM

21  convenience store; timely supply plaintiffs with of motor vehic

22  fuels or oils of like grade and quality and not to discrimina

23  against plaintiffs by charging others lower prices than plaintif

24  either directly or indirectly for gasoline products.

25      9.   At all times herein mentioned, the contract was renewed

26  by the parties on or about March 1, 2005 for another three year peri

27  under the same terms and conditions.  In or about March 2004 a

28  continuing to March 4, 2008,  defendants, and each of them, failed

---

COMPLAINT FOR DAMAGES              3

04/11/2008 FRI 14:43 [TX/RX NO 5235] ☑008

1  deliver motor vehicle fuels or oils of like grade and quali

2  (hereinafter "gasoline products"), electronically charged funds fr

3  plaintiffs bank account for undelivered gasoline products a

4  discriminated against plaintiffs either directly or indirectly

5  charging them higher prices for gasoline products than it charg

6  others franchisees' located in close proximity to plaintiffs' AM/

7  to lessen competition, to injure and to cause plaintiffs to lose the

8  business.

9       10.  At all times herein mentioned, Defendants submitted a

10  renewal of the contract to plaintiffs on or about January 19, 200

11  and gave plaintiffs a certain number of days to sign the renew

12  contract.  Plaintiffs complained to defendants both orally and

13  writing about these problems as well as other accounting issues

14  several occasions including on February 27, 2008 during a meetin

15  Plaintiffs tried to discuss the renewal of the contract because issu

16  in the old contract were unresolved. However, defendants have refus

17  and continue their refusal to discuss these problems or take a

18  corrective action.  On each occasion, defendants refused to answer a

19  of plaintiffs' questions regarding requirements in the renew

20  contract including the initial deposit fee, monthly rent increases a

21  royalties from gross sales.  However, defendants insisted orally th

22  after  plaintiffs signed the contract renewal, these issues would

23  addressed.

24       11.  On or about March 1, 2008, the contract between Plaintif

25  and defendants expired and defendants demanded that plaintiffs ren

26  the contract without addressing any of the ongoing problems th

27  plaintiffs had identified such as increased rent, increased costs

28  gasoline products and why other dealers were charged less prices f

---

COMPLAINT FOR DAMAGES                    4

1 deliveries and products; and why did defendants charge plaintiffs a

2 electronically take money for their account to pay for deliveries th

3 were never made.

4      12.  At all times herein mentioned, Plaintiffs have performe

5 all conditions, covenants, and promises required on their part to

6 performed in accordance with the terms and conditions of the contrac

7      12.  Defendants breached the Agreement by failing to deliver

8 gasoline products after being timely requested to do so; by chargi

9 Plaintiffs unreasonably high costs for its gasoline products and

10 wrongfully electronically withdrawing funds from plaintiffs' banki

11 account for gasoline products that were never delivered and refusi

12 to return the funds after being requested to do so.

13      13.  Defendants have wholly failed and refused to perform und

14 the terms of the contract and have seized plaintiffs's business a

15 real property preventing plaintiffs from the use, operation a

16 possession of their business as well as lost profits.

17      14.  As a direct and proximate results of these acts, omissio

18 or breaches by defendants, plaintiffs have sustained damages accordi

19 to proof.

20          **SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS**

21                   (CONVERSION)

22      1.  Plaintiffs incorporates by referenced the First Cause o

23 Action herein and alleges as follows.

24      2.  Plaintiffs have performed all the conditions of the

25 contract that are required to be performed.  Plaintiffs remains rea

26 and willing to perform all of the terms of the contract applicable

27 Plaintiffs and receive title to the property as promised

28 defendants.

---

COMPLAINT FOR DAMAGES                    5

3.    Plaintiffs have no adequate remedy at law because the contract is for an interest in real property, and pursuant to Civ Code Section 3387 money damages are presumed inadequate for t breach. Further, Plaintiffs have already invested $500,000 and substantial amount of time regarding the property with defendants

4.    The aforementioned acts of defendants, were willful and intentional and done with malice, oppression and fraud and Plaintif is therefore entitled to exemplary and punitive damages.

### THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS

### (FRAUD and DECEIT)

1.    Plaintiffs incorporate by referenced the First and Secon Causes of Action, herein and alleges as follows.

2.    On or about March 1, 2005, defendants entered into an extension of the original contract for a period of three years f the purchase of an ARCO AM/PM Mini Market franchise and lease the re property located at 2015 South Winchester Boulevard, Campbel California defendants required plaintiffs to authorize electron funds payments to defendants from plaintiffs' banking accoun Defendants promised to deliver to plaintiffs gasoline products time upon request and at reasonable prices as others they charge as we as to deduct only money owed from plaintiffs' banking account fr deliveries that were actually made and to correct any amoun wrongfully deducted from Plaintiffs' banking account upon notic Defendants falsely and fraudulently represented to plaintiffs th defendants would credit plaintiffs' account for amounts wrongful taken but have failed and continue not to do so.

3.    At the time defendants and each of them, made the promise defendants had no intention of performing them. Defendants and ea

COMPLAINT FOR DAMAGES                6

28

ay 14 2008 5:10PM    HP  SERJET FAX                                    P.8

r 11 2008 2:31PM    HF  ASERJET FAX                                   P.11

1   of them, made intentional misrepresentations of material facts

2   Plaintiffs, knowing such statements were untrue with the intent

3   induct Plaintiffs to entering into the contract, continuing with t

4   contract and not terminating it all to their detriment.

5       4.  Plaintiffs are informed and believes that the promises we

6   made by defendants were false and done with the intent to

7   defraud Plaintiffs and that said promises and acts were do

8   maliciously and oppressively.

9       5.  Plaintiffs at the time these promises were made and at a

10   times herein mentioned took the actions alleged and was ignorant

11   defendants' secret intentions not to perform and Plaintiffs could n

12   in the exercise of reasonable diligence have discovered defendant

13   secret intention. In reliance on the promise of defendants, Plaintif

14   entered into the contract and continued with the contract aft

15   defendants made misrepresentations of material facts that they wou

16   correct the problems.  If Plaintiffs had known of the actual intenti

17   of defendants and each of them, he would not have taken such actio

18       6.  Defendants failed to abide by their promises on March 1,

19   2005, by, among other things, such as failing to deliver gasoli

20   products after timely requests were made; failing to charge Plaintif

21   a reasonable costs for gasoline products as compared to other gasoli

22   stations in the area; wrongfully deducting money from Plaintiffs' ba

23   account for money not owed.  As a result of defendants acts and/o

24   conduct, Plaintiffs is entitled to damages according to proof.

25       7.  The aforementioned acts of defendants, were willful and

26   intentional and done with malice, oppression and fraud and Plaintif

27   is therefore entitled to exemplary and punitive damages.

28

---

COMPLAINT FOR DAMAGES                    7

04/11/2008 FRI 14:43 [TX/RX NO 5285] @012

**FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

1.    Plaintiffs incorporates by reference the First through Third Causes of Action, herein and allege as follows:

2.    On or about March 1, 2005, Plaintiffs and defendants entered into a written agreement for an ARCO AM/PM Mini Mark Franchise.

3.    By the terms of the agreement, plaintiffs paid $500,000 along with a renewal fee of $20,000 and other money to defendants f the ARCO AM/PM Mini Market.  Defendants promised to deliver gasoli products to Plaintiffs in a timely manner,  lease real property Plaintiffs; charge Plaintiffs reasonable prices for gasoline produc and not charge others in the area less for gasoline products and on transfer money from plaintiffs's banking account for deliveries th actually occurred.  Implied in the contract was a covenant defendants that they would act in good faith and deal fairly wi Plaintiffs and that they would do nothing to deprive Plaintiffs of t benefits of the agreement.

4.    Plaintiffs and defendants had a special relationship in that Plaintiffs were in a vulnerable position because they we unsophisticated with the complexities of the transaction.  Plaintif relied upon the defendants and each of them and defendants were awa of Plaintiffs' vulnerability and the usual measure of contract damag provide no incentive for its continued performance under the contrac

5.    Plaintiffs performed their obligations under the contrac and defendants breached their obligations under the contact by failing to deliver gasoline products to Plaintiffs at all; by al failing to timely deliver gasoline products; by electronical

COMPLAINT FOR DAMAGES                    8

1  transferring money from Plaintiffs' banking account for deliveri

2  that never occurred and by failing to charge Plaintiffs reasonab

3  prices for gasoline products as compared to other gasoline static

4  in close proximity as agreed on or about March 1, 2005.  These b

5  faith breaches were a violation of the implied covenant of good fai

6  and fair dealing in that defendants were in a superior positic

7  because Plaintiffs were especially vulnerable.  Plaintiffs had

8  immediate need for the real property which were set forth in t

9  contract.

10      7.   As a proximate result of the bad faith breach, by

11  defendants and each of them, of their obligations under the contra

12  as herein alleged, Plaintiffs have suffered damages in an amou

13  according to proof.

14      8.   As a further proximate result of the tortious breach of

15  the implied covenant of good faith and fair dealing by defendants a

16  each of them, as herein alleged, Plaintiffs sustained emotional a

17  mental distress, anguish, anxiety, sleeplessness and indignity all

18  their general damage in an additional sum according to proof.

19      9.   As a further proximate result of the tortious breach of t

20  implied covenant of good faith and fair dealing, by defendants a

21  each of them, Plaintiffs have incurred and will continue to incu

22  medical and related expenses.  The full amount of such expenses is n

23  known to Plaintiffs at this time, and Plaintiffs will move to ame

24  this complaint to state such amount when the same becomes known

25  their according to proof.

26      10.   The aforementioned acts of defendants, were willful and

27  intentional and done with malice, oppression and fraud and Plaintif

28  is therefore entitled to exemplary and punitive damages.

COMPLAINT FOR DAMAGES                    9

31

**FIFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligent Misrepresentation)

1.    Plaintiffs incorporates the First through Fourth Causes Action and hereby allege as follows.

2.    Defendants and each of them, made the promises and representations under the contract with no reasonable grounds f believing them to be true, in that Plaintiffs are informed a believes that defendants never intended to proceed with the contrac charge plaintiffs gasoline products at an higher price than others order to lessen competition and discriminate against plaintiffs wi the intent to injure; wrongfully electronically transfer funds fr plaintiffs' bank account and charge them for deliveries that nev occurred.

3.    At all times herein mentioned, these representations we made with the intent to defraud Plaintiffs in the manner here alleged.

4.    Plaintiffs, at the time of these representations were ma by defendants, and at the time Plaintiffs took the actions here alleged, were ignorant of the falsity of defendants' representati and believed them to be true.  In reliance on these representation Plaintiffs were induced to enter into the contract and relied defendants' statements and were justified because of the promises a representations.

5.    As a proximate result of defendants' conduct, Plaintiff have suffered damages in a sum according to proof.

**SIXTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

(Negligence)

1.    Plaintiffs incorporates by reference the First through

COMPLAINT FOR DAMAGES                    10

32

1  Fifth Causes of Action herein and alleges.

2       2.   At all times herein mentioned, defendants and each of the

3  owed a duty to Plaintiffs to perform under the contract on the agre

4  upon date in a timely manner.

5       3.   Defendants and each of them, negligently, recklessly or

6  carelessly knew or should have known that the defendants nev

7  intended to proceed with the promises, terms and conditions of t

8  contract and that their conduct would create an unreasonable risk

9  harm and danger to persons and property.

10      4.   As a proximate cause of the negligence of defendants, a

11 each of them, and the resulting harm, Plaintiffs were injured in the

12 health, strength and activity, sustaining injuries to their body a

13 shock and injury to their nervous system and person, all of whi

14 injuries and damages have caused, and continue to cause Plaintif

15 great physical, mental and nervous pain and suffering, loss of us

16 enjoyment and profits all to Plaintiffs' general damage.

17      5.   As a further proximate result of the negligence

18 defendants, and each of them, Plaintiffs were required to, and d

19 employ physicians and surgeons for medical examination and treatme

20 and incurred medical and hospital expenses. Plaintiffs will be oblig

21 to incur further medical and hospital expenses in an amount present

22 unknown.

23      6.   As a further proximate result of the negligence

24 defendants, Plaintiffs were prevented from attending to their busine

25 and lost profits and business and opportunities.

26          **SEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

27              (Negligent Hiring and Supervision)

28      1.   Plaintiffs incorporate by reference the First through

COMPLAINT FOR DAMAGES                 11

1  Sixth Causes of Action, as though set forth here in full.

2      2.    Defendants and each of them, knew or should have known th

3  the named defendants and DOES 1 to 50, were unfit for the positic

4  which they were hired.    Defendants and each of them, failed

5  properly supervise and train defendants and each of them and we

6  directly responsible for the harm to plaintiffs and as a result

7  said lack of training and supervision, for the acts of these named a

8  unnamed defendants.    The acts include the aforementioned.

9      3.    Defendants and each of them, ratified the acts of said

10  defendants and at all times herein mentioned, defendants were acti

11  within the course and scope of their employment or agency with t

12  other defendants.

13      4.    As a proximate result of the acts of defendants, and ea

14  of them, Plaintiffs suffered extreme and severe mental anguis

15  emotional and physical pain and have been injured in their bodies a

16  minds.

17      5.    As a proximate result of defendants' negligent conduct,

18  Plaintiffs have suffered severe and extreme physical injuries, ment

19  and emotional distress all to their general damage.

20      6.    As a proximate result of defendants negligent conduct

21  Plaintiffs were unable for period of time, to attend operate i

22  business, lost profits and good will in a sum according to proof.

23          **EIGHTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

24          (Intentional Infliction of Emotional Distress)

25      1.    Plaintiffs incorporate by referenced the First through

26  Seven Causes of Action, as though set forth here in full.

27      2.    As a result of the wrongful, intentional and malicious

28  acts of defendants and each of them and the fright thereby caused

COMPLAINT FOR DAMAGES              12

1  Plaintiffs, he have suffered extreme and severe mental anguis

2  emotional distress and physical pain and have been injured to the

3  minds and bodies.

4       3.   As a proximate result of the acts of defendant, Plaintif

5  were unable for a period of time, to attend to their work and lo

6  earnings in a sum according to proof.  Plaintiffs also lost the us

7  possession, good will and profits.

8       4.   As a proximate result of defendants willful, wanton and

9  malicious conduct, Plaintiffs became terrified and suffered severe a

10 extreme mental and emotional distress, to Plaintiffs' general damag

11 according to proof.

12      5.   The aforementioned acts of defendants, were willful and

13 intentional and done with malice, oppression and fraud and Plainti

14 are therefore entitled to exemplary and punitive damages.

15           **NINTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

16          (Temporary Restraining Order, Preliminary Injunction,
                         Permanent Injunction)

17      1.   Plaintiffs incorporate their First through Eighth Causes

18 Action as though set forth here in full.

19      2.   Defendants have seized Plaintiffs' franchise and real

20 property preventing their use, operation and possession. Unl

21 restrained, defendants will continue to wrongfully possess Plaintif

22 business and property and prevent it from operating as a busin

23 earning income, profits, use, possession and control of the premis

24 Their would be to Plaintiffs's great and irreparable injury, for wh

25 pecuniary compensation would not afford adequate relief, in t

26 Plaintiffs is legally the owner of the Property.

27      3.   An actual controversy have arisen and now exists betwee

28

COMPLAINT FOR DAMAGES                    13

                                         35

ay 14 2008 5:12PM     HP  1SERJET FAX                                    p.15

.r 11 2008 2:34PM     HP  ASERJET FAX                                   P.18

1 | Plaintiffs and defendants regarding their respective rights

2 | duties.

3 | Plaintiffs contends he is the legal owner and a Judicial Declarat

4 | is necessary and appropriate at their time under all the circumstan

5 | so that Plaintiffs may determine their rights.

6 |        **TENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

7 |        (Conspiracy)

8 |     1.    Plaintiffs incorporate by reference the First through

9 | Ninth Causes of Action herein and allege.

10 |     2.    Defendants and each of them, conspired to participate i

11 | charging Plaintiffs unreasonable higher prices for gasoline produ

12 | as compared to lower prices they charged others in close proximity

13 | plaintiffs' gasoline station, the failure to deliver gasoline produ

14 | and wrongfully deducting money from Plaintiffs' bank account ba

15 | upon undelivered gasoline products in a fraudulent scheme to cl

16 | Plaintiffs' business in order to acquire their franchise and r

17 | property to generate money and other benefits to them, financial

18 | otherwise, to the total disregard of Plaintiffs' rights causing sev

19 | emotional distress and losses to Plaintiffs.

20 |     3.    None of the transactions could be consummated without

21 | Plaintiffs' authority unless each of the Defendants breached their

22 | duties and/or acted in a knowing or grossly negligent manner to t

23 | detriment of Plaintiffs, and thus foil a system of checks and balanc

24 | consisting of the normal and standard custom in a franchisee a

25 | franchisor gasoline transaction.  Completion of the transactio

26 | herein require simultaneous failures of all Defendants whi

27 | Plaintiffs are informed and believe, that defendants herein intend

28 | to and so orchestrated so as to defraud Plaintiffs, with the expre

---

COMPLAINT FOR DAMAGES           14

04/11/2008 FRI 14:43 [TX/RX NO 5285] @019

1  and/or implicit knowledge and concurrence of each of the defendan

2      4.    As a consequence of defendants' misconduct, Plaintiffs h

3  been damaged in an amount yet to be ascertained, including suffer

4  mental and physical distress, plus special damages in an amount to

5  determined.

6      5.    Plaintiffs are also entitled to restitution from Defenda

7  for all losses stemming from their unlawful conduct.    Defenda

8  committed such offenses and engaged in such despicable condu

9  including fraud and conscious disregard of the rights of Plaintif

10  such that punitive damages should be assessed against them.

11              **ELEVENTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

12              (Unfair and Deceptive Business Practices)

13      1.    Plaintiffs incorporate by reference the First through

14  Tenth Causes of Action herein and allege.

15      2.    Defendants and each of them, engaged in unfair and

16  deceptive business practices in providing services to Plainti

17  herein. Defendants misrepresented their authority, misrepresented

18  contract  provisions,  and  process  for  correcting  problems

19  defendants, and engaged in an overall pattern and scheme of defraud

20  members of the public including Plaintiffs, into relying upon th

21  professional expertise while in fact Defendants completely disregar

22  the rights of Plaintiffs and put together and continue to operate

23  contract and/or transactions solely for their own benefit and se

24  interest despite their roles as fiduciaries and/or professionals w

25  duties of due care and loyalty to Plaintiffs who justifiably rel

26  upon defendants.

27      3.    As a consequence of defendants' misconduct, Plaintiffs h

28  been damaged in an amount yet to be ascertained, including suffer

COMPLAINT FOR DAMAGES              15

1  mental and physical distress, plus special damages in an amount to

2  determined.

3        4.    Plaintiffs are also entitled to restitution from Defenda:

4  for all losses stemming from their unlawful conduct.    Defenda:

5  committed such offenses and engaged in such despicable condu

6  including fraud and conscious disregard of the rights of Plaintif.

7  such that punitive damages should be assessed against them.

8              **TWELFTH CAUSE OF ACTION AS TO ALL DEFENDANTS**

9    (Unfair Business Practices Pursuant to Business & Profession Cod

10 Section 21200)

11       1.    Plaintiffs incorporate by reference the First through

12 Tenth Causes of Action herein and allege.

13       2.    At all times herein mentioned, defendants and each of th

14 were the agents, partners, servants and employees of the otl

15 defendants and doing the things hereinafter alleged were acting wit]

16 the course and scope of the agency, agreement or services and with

17 permission and consent of defendants and each of them.

18       3.    At all times herein mentioned, defendants and each of th

19 engaged in a pattern of conduct with the intent to either directly

20 indirectly discriminate against plaintiffs in the higher price t]

21 charged to plaintiffs than to other purchasers of motor vehicle fu

22 or oils of like grade and quality to lessen competition and to inj

23 and/or destroy plaintiffs' business within the meaning of Business

24 Professions Code Section  21200.

25       4.    As a proximate result of the acts of defendants and each

26 them, as herein alleged, plaintiffs were required to and did empl

27 physicians and surgeons for medical examination, treatment and c

28 for their injuries and did incur medical and incidental expense, l

COMPLAINT FOR DAMAGES                    16

                                         38

May 14 2008 5:14PM   HP LASERJET FAX                              p.18

Apr 11 2008 2:37PM   HP LASERJET FAX                             p.21

1  of business, loss of use, loss profits and other damages.

2      5.   As a further proximate result of the acts of defendants,

3  each of them, as herein alleged, plaintiffs have incurred and w

4  incur, further medical and incidental expenses for the care

5  treatment of these injuries as well as lost business, goodwill, l

6  of use and lost profits and other damages, the exact amount of wh

7  is unknown at the present time.

8      6.   The acts and conduct of defendants and each of them as

9  herein alleged were willful, wanton, malicious and oppressive

10 justify the awarding of punitive damages.

11               **THIRTEENTH CAUSE OF ACTION**

12     (Unruh Civil Rights Violation Civil Code Sections 51 & 52)

13     1.   Plaintiffs incorporate by reference the First through

14 Tenth Causes of Action herein and allege.

15     2.   At all times herein mentioned, defendants and each of the

16 were the agents, partners, servants and employees of the oth

17 defendants and doing the things hereinafter alleged were acting with

18 the course and scope of the agency, agreement or services and with t

19 permission and consent of defendants and each of them.

20     3.   At all times herein mentioned, defendants and each of the

21 were the owners or proprietors or distributors of a busine

22 establishment engaged is the business of manufacturing, selling

23 distributing gasoline products commonly known as BP WEST COA

24 PRODUCTS, LLC dba ARCO PRODUCTS COMPANY, situated in the City of S

25 Jose, Santa Clara, County California.

26     4.   Plaintiff OMER KASSA at all times herein mentioned is of

27 Ethiopian descent and a member of the black race.

28     5.   Plaintiffs are informed and believe and thereon alleges

---

COMPLAINT FOR DAMAGES                    17

04/11/2008 FRI 14:43 [TX/RX NO 5285] ☑022

1  that defendants and each of them, denied to plaintiffs servic

2  advantages and privileges provided to other persons as alleged abo

3  on account of plaintiffs' race, ancestry or national origin in t

4  defendants discriminated against plaintiffs by charging them hig

5  prices for gasoline products than others in the area, thro

6  electronic transfer for gasoline deliveries that never occurred;

7  charging plaintiffs a higher price for gasoline products than oth

8  in the area and by refusing to discuss these and other problems and

9  seizing and taking possession of plaintiffs' business.

10      6.    Defendants' conduct is wrongful and continues in that

11  defendants remain in possession of plaintiffs' business. Defenda

12  continue to deny plaintiffs request to return the money back i

13  their bank account and to charge plaintiffs' the same amount

14  gasoline products as others in the area which denies plainti

15  because of their race, ancestry or national origin the full and eq

16  advantages, privileges and services of the aforementioned busines.

17      7.    Unless defendants and each of them are restrained by a

18  preliminary and permanent injunction by this Court, plaintif

19  injuries will be great and irreparable. Plaintiffs have no pla

20  speedy and adequate remedy at law because of the loss and potent

21  destruction of their business and it would be difficult if

22  impossible for plaintiffs to determine the precise amount of dam

23  which they will suffer if defendants' conduct is not restrained.

24      8.    As a proximate result of the wrongful acts of defendant

25  plaintiffs are entitled to recovery statutory damages up to a maxi

26  of three times the amount of actual damages, but not less than $2:

27  plus attorney's fees, as provided by Section 52 of the Civil

28  Code.

COMPLAINT FOR DAMAGES                    18

40

**FOURTEENTH CAUSE OF ACTION**

(Violation of Petroleum Marketing Practices Act

15 U.S.C. §§ 2801-2806)

1.    Plaintiffs incorporate by reference the First through Thirteenth Causes of Action herein and allege.

2.    At all times herein mentioned, plaintiffs were franchis and defendants and each of them were franchisors engaged in the sa consignment or distribution of motor fuel or gasoline products.

3.    Plaintiffs are informed and believe and thereby allege that defendants and each of them in wrongfully, intentional willfully, purposefully, maliciously and in bad faith failed to cre plaintiffs' banking account for non-deliveries and return the mo wrongfully withdrawn; by charging plaintiffs' higher prices for th gasoline products than others in the same area and refusing to m adjustments to plaintiffs' account; by failing to change provisions of the renewal franchise agreement pertaining to r increases, fees increases, etc., and by threatening plainti independence with termination and/or non-renewal of the franch agreement if plaintiffs failed to comply with defendants' demands

4.    That defendants demand that plaintiffs renewal the contr or face termination amounts to a contract of adhesion and t termination or non-renewal disrupts the reasonable expectation plaintiffs to the franchise relationship on a continuous basis.

5.    As a consequence of defendants' misconduct, Plaintiffs h been damaged in an amount yet to be ascertained, including suffer: mental and physical distress, plus special damages in an amount to determined.

6.    Plaintiffs are also entitled to restitution from Defendar

COMPLAINT FOR DAMAGES            19

41

1  for all losses stemming from their unlawful conduct.  Defenda

2  committed such offenses and engaged in such despicable condu

3  including fraud and conscious disregard of the rights of Plaintif

4  such that punitive damages should be assessed against them.

5       WHEREFORE, Plaintiffs pray for judgment as follows:

6       1.   For general damages;

7       2.   For compensatory damages;

8       3.   For special damages according to proof;

9       4    For an Order that defendants specifically perform

10  requirements of the Contract between plaintiffs and defendants ente

11  into on or about March 1, 2005.

12       5.   For exemplary and punitive damages according to proof;

13       6.   For loss of use and enjoyment according to proof;

14       7.   For a temporary restraining order, a preliminary injuncti

15  a permanent injunction all enjoining defendants, their agen

16  attorneys and representatives, and all other persons acting in conc

17  or participating with them, from selling or transferring the Prope

18       8.   For costs of suit herein incurred;

19       9.   For a reasonable attorney's fee in a sum according to

20  proof;

21       10.  For interest at the legal rate on the foregoing sum

22  pursuant to Section 3336 of the Civil Code, from March 1, 2008;

23       11.  For such other and further relief as the court may deem

24  proper.

25  DATED:  April 11, 2008

26                                 GEORGE HOLLAND, ESQ.
                                   Attorneys for Plaintiffs
27

28  kassa-1st-amended-complaint

COMPLAINT FOR DAMAGES                          20

                              42

**VERIFICATION**

I, OMER KASSA, declare:

That I am the president of H & O, Inc and have read the following:

**COMPLAINT FOR DAMAGES**

I, the undersigned have read the foregoing complaint and it is true of my own knowledge, exc

as to those matter stated on information and belief, and as to those matters, I believe them to be tru

I declare under the penalty of perjury under the laws of the State of California that the forego

is true and correct.

Dated: ~~March~~ April 3, 2008

OMER KASSA
President of H & O, Inc.

1

43

ay 14 2008 5:15PM  HP _ASERJET FAX                                                      p.23

:pr 11 2008 2:39PM  HP _ASERJET FAX                                       —               p.26

(ENDORSED)

PROOF OF SERVICE    2008 APR 11  PM 3: 25
C.C.P. SECTIONS 1013a, 2015.5

KIRI TORRE. CEG
SUPERIOR COURT
SAN MATEO CO.
BY_____DEPUTY

1

2

3     I am a citizen of the United States and employed in the Coun

4  of Alameda; I am over the age of eighteen years and not a party to t

5  within action; my business address is 1970 Broadway, Suite 10

6  Oakland, California, 94612.

7     On April 11, 2008, I served a copy of the attached:

8              **FIRST AMENDED COMPLAINT AND SUMMONS**

9   X        by placing said copy in a sealed envelope with posta
10 _____   thereon  fully  prepaid,  following  ordinary  busine
          practices,  said  correspondence  to  be  deposited  with t
11        United States Postal Service, that same day in the ordina
          course of business, at Oakland, California addressed as s
12        forth below.

13 _____   by personally delivering a true copy thereof to t
          person(s) at the address(es) as set forth below.
14

15 _____   by sending a copy to Facsimile number _____
          the person at the address(es) as set forth below.

16  Kurt Osenbaugh, Esq.
17  Deborah Yoon Jones, Eq.
    WESTON, BENSHOOF, ROCHEFORT, et al.
18  333 South Hope Street, 16th Flr.
    Los Angeles, CA 90071

19     I declare under penalty of perjury under the laws of the Sta

20  of California that the foregoing is true and correct.

21  Dated: April 11, 2008

22

23              George Holland, Jr.

24

25

26

27

28

1
.
44

04/11/2008 FRI 14:43 [TX/RX NO 5285]  Ø027

EXHIBIT C

COPY

VIA FAX

ENDORSED

2008 APR 13 P 4: 11

A. Ilas

1  KURT OSENBAUGH (State Bar No. 106132)
   DEBORAH YOON JONES (State Bar No. 178127)
2  MacKENZIE E. HUNT (State Bar No. 251127)
   **WESTON, BENSHOOF, ROCHEFORT,**
3    **RUBALCAVA & MacCUISH LLP**
   333 South Hope Street
4  Sixteenth Floor
   Los Angeles, California 90071
5  Telephone: (213) 576-1000
   Facsimile: (213) 576-1100
6
7  Attorneys for Defendant
   BP WEST COAST PRODUCTS LLC
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                FOR THE COUNTY OF SANTA CLARA
11
12 OMER KASSA individually; OMER KASSA        Case No.: 108CV107979
   dba H & O, INC., and H & O, INC.,
13                                            **DEMURRER OF BP WEST COAST**
                 Plaintiffs,                  **PRODUCTS LLC TO COMPLAINT;**
14                                            **MEMORANDUM OF POINTS AND**
        v.                                    **AUTHORITIES IN SUPPORT**
15                                            **THEREOF**
   BP WEST COAST PRODUCTS, LLC, dba
16 ARCO PRODUCTS COMPANY and DOES 1           [Filed Concurrently with Notice of
   to 50,                                     Demurrer; Notice of Motion and Motion to
17                                            Strike; and Appendix of Federal
                 Defendants.                  Authorities.]
18
                                              Date: June 5, 2008
19                                            Time: 9:00 a.m.
                                              Dept.: 22
20
                                                    Honorable Kevin J. Murphy
21
                                              Filing Date: March 12, 2008
22
23
24
25
26
27
28

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL ALLEGATIONS ............................................................................... 2

III. THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO
     CONSTITUTE ANY CAUSE OF ACTION AGAINST BPWCP ............................... 4

     A.   Kassa Failed to Allege the Material Contract Provisions to Support the
          Breach of Contract Cause of Action. ................................................................. 4

     B.   Kassa's Claim for Conversion Lacks the Requisite Elements. ............................ 5

     C.   Kassa's Fraud Claim is Inadequate Because He Alleges No Facts to
          Support the Imposition of Tort Liability. ........................................................... 5

     D.   Kassa's Implied Covenant of Good Faith and Fair Dealing Claim is
          Improperly Duplicative of the Breach of Contract Claim. ................................... 6

     E.   Kassa's Negligent Misrepresentation Claim Lacks the Requisite
          Specificity. ....................................................................................................... 8

     F.   Kassa's Negligence Claim is Also Improperly Duplicative of His Claim
          for Breach of Contract. ..................................................................................... 9

     G.   Kassa's Negligent Hiring and Supervision Claim Lacks Required
          Elements. ........................................................................................................ 10

     H.   Kassa's Intentional Infliction of Emotional Distress Claim Lacks
          Sufficient Facts to Support a Viable Cause of Action. ...................................... 10

     I.   Kassa's Claim for Injunctive Relief is Subject to Demurrer Because it is
          Preempted by the PMPA. ................................................................................. 12

     J.   Kassa's Conspiracy Claim Lacks the Necessary Elements Required to
          State a Cause of Action. ................................................................................... 13

     K.   Kassa's Claim for Unfair and Deceptive Business Practices is Uncertain
          and Ambiguous. ............................................................................................... 14

IV.  CONCLUSION ................................................................................................. 15

i

# TABLE OF AUTHORITIES

Page

## CASES

*117 Sales Corporation v. Olsen*
    (1978) 80 Cal.App.3d 645 ..................................................................13

*Aas v. Superior Court*
    (2000) 24 Cal.App.4th 627 ...........................................................9, 12

*Ann M. v. Pacific Plaza Shopping Center*
    (1993) 6 Cal.4th 666 ............................................................................9

*Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*
    (1994) 7 Cal.4th 502 ..........................................................................14

*Bank of America v. Pendergrass*
    (1935) 4 Cal.2d 258, 48 P.2d 659 .......................................................6

*Benton v. Hofmann Plastering Company*
    (1962) 207 Cal.App.2d 61, 24 Cal.Rptr 268 ......................................7

*California ARCO Distributors, Inc. v. Atlantic Richfield Co.*
    (1984) 158 Cal.App.3d 349 ..........................................................12-13

*Canta v. Resolution Trust Corp.*
    (1992) 4 Cal.App.4th 857 ..............................................................11-12

*Careau & Co. v. Security Pacific Business Credit, Inc.*
    (1990) 222 Cal.App.3d 1371 ...............................................................7

*Celador Int'l Ltd. V. Walt Disney Co.*
    (C.D. Cal., 2004) 347 F.Supp.2d 846 .................................................7

*Cervantez v. J.C. Penny Co.*
    (1979) 24 Cal.3d 578 .........................................................................11

*Consumers Petroleum Co. v. Texaco*
    (6th Cir. 1986) 804 F.2d 907 .............................................................13

*Davidson v. City of Westminster*
    (1982) 32 Cal.3d 197 .........................................................................11

*Delfino v. Agilent Technologies, Inc.*
    (2006) 145 Cal.App.4th 790 ..............................................................10

*Erlich v. Mendezes*
    (1999) 21 Cal.4th 543 ......................................................................6, 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

## TABLE OF AUTHORITIES
### (continued)

Page

*Foley v. Interactive Data Corp.*
   (1988) 47 Cal.3d 654 ................................................................................. 7-8

*Gray v. Don Miller & Associates, Inc.*
   (1984) 35 Cal.3d 498 ................................................................................. 8

*Guz v. Bechtel Nat'l, Inc.*
   (2000) 24 Cal.4th 317 ................................................................................. 7

*Hailey v. California Physicians' Service,*
   158 Cal.App.4th 452 ................................................................................. 11

*In re Napster, Inc. Copyright Litigation*
   (9th Cir. 2007) 479 F.3d 1078 ................................................................... 6

*Kiseskey v. Carpenter Trust for Southern California*
   (1983) 144 Cal.App.3d 222 ....................................................................... 6

*Lesperance v. North American Aviation, Inc.*
   (1963) 217 Cal.App.2d 336 ....................................................................... 13

*McCann v. Lucky Money, Inc.*
   (2005) 129 Cal.App.4th 1382 ................................................................... 15

*Mobil Oil Corp. v. Superior Court*
   (1987) 189 Cal.App.3d 485 ....................................................................... 13

*Niakan, et al. v. Samaan and Union Oil Company of California*
   (1988) 199 Cal.App.3d 716 ....................................................................... 13

*Orloff v. Metropolitan Trust Co.*
   (1941) 17 Cal.2d 484 ................................................................................. 13

*Otworth v. So. Pacific Railway Trans. Co.*
   (1985) 166 Cal.App.3d 452 ....................................................................... 4

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*
   (2007) 150 Cal.App.4th 384 ..................................................................... 5

*Perry v. Robertson*
   (1988) 201 Cal.App.3d 333 ....................................................................... 4

*Pride v. Exxon Corp.*
   (9th Cir. 1990) 911 F.2d 251 ..................................................................... 13

*Reichert v. General Insurance Co.*
   (1968) 68 Cal.2d 822 ................................................................................. 4

iii

## TABLE OF AUTHORITIES
(continued)

Page

*Roman Catholic Bishop v. Superior Court*
(1996) 42 Cal.App.4th 1556 ................................................................. 10

*Rosen v. State Farm General Ins. Co.*
(2003) 30 Cal.4th 1070 ....................................................................... 9

*Taylor v. Forte Hotels International*
(1991) 235 Cal.App.3d 1119 ................................................................. 5

*Underwriters Ins. Co. v. Purdie*
(1983) 145 Cal.App.3d 57 .................................................................. 10

*Walters v. Marler*
(1978) 83 Cal.App.3d 1 ...................................................................... 8

*Wolf v. Superior Court*
(2003) 107 Cal.App.4th 25 ................................................................. 15

### STATUTES

Business and Professions Code section 21200 ....................................... 3

Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* ............. 1, 12

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

1
## DEMURRER

2       Defendant BP West Coast Products LLC ("BPWCP") demurs to the Complaint

3   of plaintiffs Omer Kassa, individually and dba H&O, Inc., and H&O, Inc. (collectively,

4   "Kassa") on the following grounds:

5

6
## DEMURRER TO FIRST CAUSE OF ACTION

7       Kassa's Complaint fails to state facts sufficient to constitute a cause of action

8   for breach of contract as against BPWCP pursuant to Code of Civil Procedure § 430.10(e).

9   Furthermore, Kassa's Complaint is uncertain pursuant to Code of Civil Procedure

10  § 430.10(f) in that it cannot be ascertained from review of the first cause of action, how, in

11  what manner, or upon what basis Kassa can claim that he has adequately pled a binding

12  contract between Kassa and BPWCP. Specifically, the first cause of action is ambiguous in

13  that Kassa has not properly pled verbatim the material terms of the contract (or attached a

14  copy of the contract) upon which the cause of action against BPWCP is based.

15

16
## DEMURRER TO SECOND CAUSE OF ACTION

17      Kassa's Complaint fails to state facts sufficient to constitute a cause of action

18  for conversion pursuant to Code of Civil Procedure § 430.10(e) in that Kassa has failed to

19  allege which property BPWCP allegedly converted, or that he had a right to possess that

20  property in the first instance. Furthermore, a breach of contract does not constitute a

21  conversion. *Taylor v. Forte Hotels International* (1991) 235 Cal.App.3d 1119, 1124.

22

23
## DEMURRER TO THIRD CAUSE OF ACTION

24      Kassa's Complaint fails to state facts sufficient to constitute a cause of action

25  for fraud and deceit pursuant to Code of Civil Procedure § 430.10(e) in that he has alleged

26  only facts supporting a claim for breach of contract. Where there is a breach of contract

27  alleged, the law will not find tort liability as well as contractual liability unless there is a

28  breach of some independent duty imposed by law. *Elrich v. Menezes* (1999) 21 Cal.4th 543,

1

1    553-554. Kassa cannot withstand a demurrer on a fraud cause of action by merely reciting

2    the facts supporting his claim for breach of contract.

3

4                    **DEMURRER TO FOURTH CAUSE OF ACTION**

5           Kassa's Complaint fails to state facts sufficient to constitute a cause of action

6    for breach of the implied covenant of good faith and fair dealing pursuant to Code of Civil

7    Procedure § 430.10(e) in that he has alleged only facts supporting a claim for breach of

8    contract.  Where a claim for breach of the implied covenant does not go beyond the

9    statement of a breach of express contractual terms and seeks the same relief sought in a

10   breach of contract claim, it is simply superfluous to the contract claim. *Celador Int'l Ltd. V.*

11   *Walt Disney Co.* (C.D. Cal., 2004) 347 F.Supp.2d 846, 852; *Guz v. Bechtel Nat'l, Inc.* (2000)

12   24 Cal.4th 317, 353, n. 18. Kassa cannot withstand a demurrer on a cause of action for

13   breach of the covenant by merely reciting the facts supporting his claim for a purported

14   breach of contract. Furthermore, California does not recognize a tortuous breach of contract

15   claim outside of the insurance context.

16

17                    **DEMURRER TO FIFTH CAUSE OF ACTION**

18           Kassa's Complaint fails to state facts sufficient to constitute a cause of action

19   for negligent misrepresentation pursuant to Code of Civil Procedure § 430.10(e) in that

20   Kassa has not alleged the precise misrepresentations at issue, or any facts tending to show

21   that BPWCP intended to induce reliance on the part of Kassa. Kassa's Complaint is also

22   uncertain pursuant to Code of Civil Procedure § 430.10(f) in that it cannot be ascertained

23   from reviewing the Fifth Cause of Action how, when, in what manner, or upon what basis

24   Kassa can claim that BPWCP made a negligent misrepresentation. Furthermore, Kassa

25   should not be allowed to recover in tort for the breach of duties that merely restate

26   contractual obligations.

27

28

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

1                   **DEMURRER TO SIXTH CAUSE OF ACTION**

2       Kassa's Complaint fails to state facts sufficient to constitute a cause of action for

3 negligence pursuant to Code of Civil Procedure § 430.10(e) in that Kassa has alleged only

4 those facts supporting his claim for breach of contract.  Where there is a breach of contract

5 alleged, the law will not find tort liability as well as contractual liability unless there is a

6 breach of some independent duty imposed by law.  *Elrich v. Menezes* (1999) 21 Cal.4[th] 543,

7 553-4.  Kassa cannot withstand a demurrer on a cause of action for negligence by merely

8 reciting the facts supporting his claim for breach of contract, and making the conclusory

9 assertion that the alleged breach was done "negligently."  Furthermore, Kassa should not be

10 allowed to recover in tort for the breach of duties that merely restate contractual obligations.

11

12                 **DEMURRER TO SEVENTH CAUSE OF ACTION**

13       Kassa's Complaint fails to state facts sufficient to constitute a cause of action

14 for negligent hiring and supervision pursuant to Code of Civil Procedure § 430.10(e) in that

15 Kassa has failed to allege any duty with respect to supervision of a particular employee, or

16 that such duty was breached.  Kassa's Complaint is also uncertain pursuant to Code of Civil

17 Procedure § 430.10(f) in that it cannot be ascertained from reviewing the Sixth Cause of

18 Action how, when, in what manner, or upon what basis Kassa can claim that BPWCP

19 breached a duty owed to Kassa.

20

21                 **DEMURRER TO EIGHTH CAUSE OF ACTION**

22       Kassa's Complaint fails to state facts sufficient to constitute a cause of action

23 for intentional infliction of emotional distress pursuant to Code of Civil Procedure

24 § 430.10(e) in that Kassa has failed to allege any facts establishing the necessary element of

25 extreme or outrageous conduct on the part of BPWCP.

26

27

28

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

## DEMURRER TO NINTH CAUSE OF ACTION

Kassa's Complaint fails to state facts sufficient to constitute a cause of action for injunctive relief pursuant to Code of Civil Procedure § 430.10(e) in that Kassa's request for injunctive relief is preempted by the Petroleum Marketing Practices Act, 15 U.S.C. § 2802, *et seq.* Furthermore, the Court has already denied Kassa's request for a temporary restraining order and preliminary injunctive relief.

## DEMURRER TO TENTH CAUSE OF ACTION

Kassa's Complaint fails to state facts sufficient to constitute a cause of action for conspiracy pursuant to Code of Civil Procedure § 430.10(e) in that Kassa has failed to allege any facts establishing the formation and operation of a conspiracy. Kassa has further failed to allege any facts that damage resulted from an act or acts done in furtherance of the purported plan. The conspiracy claim also fails, as a matter of law, because agents and employees of a corporation cannot conspire with their employer/corporate principal if they are acting in their official capacities on behalf of the corporation. *Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.* (1994) 7 Cal.4th 502, 512, n. 12.

## DEMURRER TO ELEVENTH CAUSE OF ACTION

Kassa's Complaint and cause of action for unfair and deceptive business practices is uncertain pursuant to Code of Civil Procedure § 430.10(f) in that it is impossible to determine whether Kassa is seeking recovery under statutory authority (i.e., Business & Professions Code § 17200) or whether Kassa seeks to recover under a common law claim (i.e., unfair competition). The uncertainty is such that BPWCP is unable to intelligently respond to the allegations and purported cause of action.

4

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

1        BPWCP prays that its Demurrer be sustained without leave to amend, for costs,

2    and for such other and further and additional relief as this court may deem just and proper.

3

4    DATED:  April 18, 2008        Respectfully submitted,

5                                KURT OSENBAUGH
                            DEBORAH YOON JONES

6                                MacKENZIE E. HUNT
                            **WESTON, BENSHOOF, ROCHEFORT,**

7                                    **RUBALCAVA & MacCUISH LLP**

8

9                                          Deborah Yoon Jones

10                               Attorneys for Defendant
                            BP WEST COAST PRODUCTS LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMURRER OF BPWCP TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
1174236.1

1    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2    I.    **INTRODUCTION**

3    In order to survive an attack by demurrer, a plaintiff must adequately plead

4    sufficient facts to establish all necessary elements for each of the claims asserted.  Here,

5    plaintiff Omer Kassa (representing himself and H&O, Inc., collectively "Kassa") has

6    essentially thrown all the facts he could possibly concoct onto his Complaint to see if any of

7    the claims will stick.  In doing so, Kassa uses the same set of facts to assert a breach of

8    contract claim, eleven tort claims, and an injunctive relief claim.  Indeed, Kassa attempts to

9    convert a straightforward commercial contract dispute into a variety of inapplicable tort and

10   statutory violations.  The gravaman of this dispute, however, is straightforward and involves

11   a gasoline station franchisee (Kassa) who disagreed with proposed lease and franchise terms

12   when the agreements came up for renewal.  Kassa refused to sign the renewal agreements

13   and the lease and franchise relationship expired.  This is a contract case and the tort claims

14   are superfluous, inadequately pled, and unsustainable as a matter of law.

15   Indeed, close scrutiny of each of the causes of action in Kassa's Complaint

16   reveals them to be flawed and subject to demurrer.  For example, the breach of contract

17   claim fails to set forth, verbatim, the material terms of the contract at issue or attach a copy

18   of the contract.  Also, Kassa improperly seeks tort damages for what are, in fact, contract

19   claims (see 3rd, 4th, 5th, and 6th causes of action).  In addition, there are tort claims that do not

20   properly allege all the requisite elements (see 2nd, 3rd, 5th, 6th, 7th, 8th, and 10th causes of

21   action).  Kassa's ninth cause of action for injunctive relief is preempted by the Petroleum

22   Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* ("PMPA")[1]  And of course, there are the

23   absurd and ridiculous allegations that H&O, Inc. (a non-human corporate entity) sustained

24   injuries to its body and shock and injury to its nervous system as well as emotional distress

25   damages.  (Compl., ¶4, 6th C/A and ¶ 4, 7th C/A).  Finally, the eleventh cause of action for

26   purported "unfair and deceptive business practices" is so uncertain that BPWCP cannot

27

28   [1] BPWCP maintains that the entire complaint is preempted by the PMPA to the extent the claims relate to and arise out of the franchise non-renewal.

1

1  respond properly; it is impossible to decipher whether Kassa seeks statutory relief (i.e., under

2  Business & Professions Code § 17200) or common law relief (i.e., through an unfair

3  competition claim).  None of the causes of action in Kassa's complaint are proper and

4  BPWCP's demurrer should be sustained without leave to amend.

5  **II.  FACTUAL ALLEGATIONS**

6         Plaintiff Kassa was the franchisee/lessee operator of the ARCO-branded

7  gasoline station and am/pm Mini Market located at 2015 Winchester Road, Campbell,

8  California 95008 ("Station") (Compl., ¶3, 1st Cause of Action ("C/A")[2]).  An am/pm Lease

9  PMPA Franchise Agreement and am/pm Mini Market Agreement effective March 1, 2005

10  (collectively, "Franchise Agreements") governed the franchise relationship between Kassa

11  and BPWCP. (*Id.*, ¶7, ¶9, 1st C/A)  The Franchise Agreements included a lease of the

12  BPWCP-owned gasoline station and convenience store and a gasoline supply agreement,

13  which were set to expire on March 1, 2008. (*Id.*)

14         Given the Franchise Agreements were set to expire on March 1, 2008 in

15  January 2008, BPWCP delivered to Kassa the 45-Day Renewal Letter and provided Kassa

16  with proposed new franchise agreements ("Renewal Offer") (Compl., ¶10, 1st C/A).  As of

17  March 1, 2008 the Agreements expired, as Kassa failed to return the signed documents

18  contained in the Renewal Offer which were required to continue the franchise beyond March

19  1, 2008. (*Id.*, ¶11, 1st C/A).

20         Kassa filed suit on March 12, 2008, in Superior Court for the County of Santa

21  Clara.  In his "all-but-the-kitchen-sink" Complaint, Kassa alleges one claim for breach of

22  contract and asserts eleven tort causes of action which are based on the exact same facts as

23  the claim for breach of contract.  The tort causes of action are as follows: (1) conversion;

24  (2) fraud and deceit; (3) breach of the implied covenant of good faith and fair dealing;

25  (4) negligent misrepresentation; (5) negligence; (6) negligent hiring and supervision;

26

27

28     [2]The paragraph numbers in Kassa's Complaint restart with each new Cause of Action. BPWCP therefore refers to the number of the paragraph, as well as the relevant cause of action in citing to Kassa's Complaint.

2

1  (7) intentional infliction of emotional distress; (8) conspiracy; (9) unfair and deceptive

2  business practices; (10) unfair business practices pursuant to Business and Professions Code

3  section 21200; and (11) violations of the Unruh Civil Rights Act, sections 51 and 52  The

4  only difference between Kassa's breach of contract cause of action and the tort claims is that

5  the tort claims include boilerplate and conclusory language that BPWCP acted negligently,

6  wrongfully, etc.  Kassa's Complaint also states a claim for a temporary restraining order and

7  preliminary and permanent injunctive relief to unwind the franchise termination and reinstate

8  Kassa as the dealer operator of the Station.[3]

9          Kassa's entire Complaint can be boiled down to the following contract breach

10  allegations:

11          •    BPWCP allegedly promised not to discriminate in pricing when selling

12  motor fuel to Kassa, to deliver motor fuel in a timely fashion, to provide necessary

13  equipment, and to charge Kassa electronically only for those deliveries that had actually been

14  made. (See Compl., ¶ 7, 1st C/A; ¶ 1, 2nd C/A; ¶¶ 1 & 2, 3rd C/A; ¶¶ 1 & 3, 4th C/A; ¶¶ 1 & 2,

15  5th C/A; ¶¶ 1 & 2, 6th C/A; ¶¶ 1 & 2, 10th C/A;  ); and

16          •    From March 2004 to March 2008, BPWCP purportedly failed to deliver

17  fuel to Kassa, and that BPWCP further charged Kassa's bank account for gasoline products

18  that were never delivered. (Compl., ¶9, 1st C/A; ¶¶ 1 & 6, 3rd C/A; ¶¶ 1 & 6, 4th C/A; ¶¶ 1 &

19  2, 5th C/A; ¶¶ 1 & 3, 10th C/A; ¶¶ 1 & 3, 12th C/A; ¶¶ 1, 5 & 6, 13th C/A).

20          However, as set forth in detail below, these general allegations alone fail to

21  support any of the causes of action asserted in Kassa's Complaint and without more, the

22  Court should sustain BPWCP's demurrer without leave to amend.

23

24

25

26

27  _____

28  [3]As the Court may recall, on March 24, 2008, it granted BPWCP's *Ex Parte* Application to unwind the TRO, and on April 4, 2008, the Court denied Kassa's request for preliminary injunction.

3

III.  **THE COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE ANY CAUSE OF ACTION AGAINST BPWCP**

A.  **Kassa Failed to Allege the Material Contract Provisions to Support the Breach of Contract Cause of Action.**

Kassa's first cause of action is for breach of contract. In order to maintain a breach of contract cause of action, Kassa must allege the essential elements of its claim: (1) the existence and the essential terms of the contract at issue; (2) Kassa's performance or excuse for non-performance of all conditions precedent to the BPWCP's obligation to perform; (3) BPWCP's breach of the contract, and (4) Kassa's damages. *Reichert v. General Insurance Co.* (1968) 68 Cal.2d 822, 830; and *Perry v. Robertson* (1988) 201 Cal.App.3d 333, 341. Where an action is based on an alleged breach of a written contract such as we have here, the "terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. So. Pacific Railway Trans. Co.* (1985) 166 Cal.App.3d 452, 459.

Here, Kassa has failed to plead verbatim the material terms of the contract upon which the breach of contract cause of action against BPWCP is based. Kassa has also failed to attach the relevant contracts which have allegedly been breached. Without necessary contract information BPWCP is unable to adequately respond. For example, who are the proper parties to the contract? Most likely Kassa seeks to avoid attaching the relevant Franchise Agreements and related assignment documents because the Court will learn that only H&O, Inc. was a party to the agreements and therefore, the individual defendant, Omer Kassa, lacks standing to maintain the breach of contract cause of action as well as remaining causes of action. Also, what specific provisions were purportedly breached? Without the actual contract language or contracts themselves attached to the Complaint, the first cause of action for breach of contract is lacking and incomplete. Accordingly, the first cause of action for breach of contract is flawed and the Court should sustain BPWCP's demurrer.

    B.    <u>Kassa's Claim for Conversion Lacks the Requisite Elements.</u>

Kassa's second cause of action is for conversion.  To sustain a claim for conversion, the following three elements must be pled: (1) plaintiff's ownership or right to possession of property; (2) defendant's wrongful act toward or disposition of the property, interfering with plaintiff's possession; and (3) damage to plaintiff. *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 395.

Kassa's Complaint fails to state facts sufficient to constitute a cause of action for conversion as against BPWCP because there is no allegation that Kassa had a right to possess the Station at the time BPWCP took possession of the Station.  Kassa simply contends that he has "performed all the conditions of the contract that are required to be performed," and that "Plaintiffs remains [sic] ready and willing to perform all of the terms of the contract applicable to them and receive title to the property as promised by BPWCP." (Compl., ¶2, 2nd C/A).  There is no allegation indicating that Kassa had a right to any property or possession of the Station.  In fact, Kassa concedes that the Franchise Agreements (which gave Kassa any possible right to possession of the Station) expired. (Compl., ¶ 11, 1st C/A.)  Furthermore, it is not specifically alleged what property BPWCP allegedly converted; rather, BPWCP is left to assume that the Station (which is owned by BPWCP) is the property that was allegedly converted.  Accordingly, Kassa's conversion cause of action is incomplete and insufficiently pled.

Moreover, BPWCP's demurrer as to the conversion claim should be sustained <u>without leave to amend</u> because the facts pled in support thereof are nothing more than breach of contract allegation.  Neither negligence, active or passive, nor a breach of contract, even though it results in injury to, or loss of, specific property, constitutes a conversion. *Taylor v. Forte Hotels International* (1991) 235 Cal.App.3d 1119, 1124.

    C.    <u>Kassa's Fraud Claim is Inadequate Because He Alleges No Facts to Support the Imposition of Tort Liability.</u>

Kassa's Third Cause of Action is for fraud and deceit.  The elements of a claim for fraud and deceit are as follows: (1) a misrepresentation or concealment of a material fact;

5

1 (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance;

2 (4) justifiable reliance; and (5) resulting damage." *In re Napster, Inc. Copyright Litigation*

3 (9th Cir. 2007) 479 F.3d 1078, 1096, quoting *Small v. Fritz Cos., Inc.* (2003) 30 Cal.4[th] 167,

4 132 (internal quotation marks omitted).  Moreover, where there is a breach of contract

5 alleged, the law will not find tort liability as well as contractual liability unless there is a

6 breach of some independent duty imposed by law. *Erlich v. Mendezes* (1999) 21 Cal.4[th] 543,

7 553-4; *see also Bank of America v. Pendergrass* (1935) 4 Cal.2d 258, 48 P.2d 659, 661-662

8 (as a general proposition, a claim for fraud cannot be based upon promises which concern

9 contractually negotiated obligations).

10             Here, Kassa's fraud claim is based upon the same facts which support the

11 inadequately pled breach of contract claim.  The sole allegation on which Kassa's fraud

12 claim is based is the assertion that BPWCP failed to "deliver gasoline products after timely

13 request were made; fail[ed] to charge Plaintiffs a reasonable costs [sic] for gasoline products

14 as compared to other gasoline stations in the area; wrongfully deducting money from Kassa's

15 bank account for money not owed." (Compl., ¶6, 3[rd] C/A).  Kassa is essentially asserting

16 that BPWCP has committed fraud by breaching the purported contracts; these facts alone are

17 insufficient given the *Erlich* and *Pendergrass* decisions and the demurrer should be sustained

18 without leave to amend.

19             Moreover, the only additional allegations supporting his fraud claim are

20 boilerplate assertions that BPWCP "made intentional misrepresentations of material facts to

21 Plaintiffs, knowing such statements were untrue with the intent to induct [sic] plaintiffs to

22 entering [sic] into the contract, continuing with the contract and not terminating it all to their

23 detriment." (Compl., ¶3, 3[rd] C/A).  Such boilerplate statements, without more, are not

24 sufficient to support a fraud claim and withstand attack by a demurrer.   *Kiseskey v.*

25 *Carpenter Trust for Southern California* (1983) 144 Cal.App.3d 222, 228.  Therefore, the

26 Court should sustain BPWCP's demurrer as to Kassa's third cause of action.

27             D.    <u>Kassa's Implied Covenant of Good Faith and Fair Dealing Claim is</u>

28                 <u>Improperly Duplicative of the Breach of Contract Claim.</u>

6

1    Kassa's fourth cause of action is for breach of the covenant of good faith and

2  fair dealing. Kassa's cause of action for breach of the implied covenant as against BPWCP

3  is flawed in two respects: (1) the claim is duplicative of the breach of contract cause of

4  action and thus the express provisions (rather than the implied covenant) govern; and

5  (2) there is no recognized cause of action for tortuous breach of contract outside of the

6  insurance context where a special relationship exists between the parties.

7    Kassa alleges that BPWCP breached the covenant of good faith and fair

8  dealing by breaching the contract "in bad faith." (Compl., ¶6, 4th C/A). Every contract

9  imposes on each party a duty of good faith and fair dealing in each performance and in its

10  enforcement. *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d

11  1371, 1393. However, where a claim for breach of the implied covenant does not go beyond

12  the statement of a breach of express contractual terms and seeks the same relief sought in a

13  breach of contract claim, it is simply superfluous to the contract claim. *Celador Int'l Ltd. V.*

14  *Walt Disney Co.* (C.D. Cal., 2004) 347 F.Supp.2d 846, 852; *Guz v. Bechtel Nat'l, Inc.* (2000)

15  24 Cal.4[th] 317, 353, n. 18. Furthermore, where there is an express agreement covering a

16  certain subject, "the law cannot imply a contract in the face of such express agreement."

17  *Benton v. Hofmann Plastering Company* (1962) 207 Cal.App.2d 61, 24 Cal.Rptr 268, 276.

18  The facts upon which Kassa relies in alleging breach of the covenant are covered by express

19  terms in the Franchise Agreements, and therefore his claim for breach of the covenant is

20  duplicative of his claim for breach of contract and is improper.

21    In addition, Kassa essentially attempts to allege a tortuous breach of contract

22  claim by stating that BPWCP had a special relationship and "Plaintiffs were in a vulnerable

23  position because they were unsophisticated with the complexities of the transaction."

24  (Compl., ¶4, 4th C/A) These facts, even if true, are insufficient to elevate the relationship

25  between Kassa and BPWCP to a "special relationship." The covenant of good faith and fair

26  dealing is a contract term and compensation for its breach has almost always been limited to

27  contract rather than tort remedies. *Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654,

28  684. An exception to this general rule occurs in the insurance contract setting. There, the

7

1   contracting parties are held to be in a special relationship, because the insured does not seek

2   to obtain a commercial advantage by entering into the contract, but instead seeks protection

3   against calamity. *Id* at 685. Therefore, in the insurance setting, the obligations of good faith

4   and fair dealing are said to encompass qualities of decency and humanity inherent in the

5   responsibilities of a fiduciary, so that breach of these obligations justifies the imposition of

6   tort liability. *Id.* Kassa entered into the Franchise Agreements for his own commercial

7   advantage, and not for purposes of securing any sort of protection from BPWCP. Therefore,

8   the "special relationship" does not apply to Kassa and BPWCP and the fourth cause of action

9   is improper. BPWCP's demurrer as to the fourth cause of action should be sustained without

10   leave to amend.

11      E.    **Kassa's Negligent Misrepresentation Claim Lacks the Requisite**

12          **Specificity.**

13       Kassa's fifth cause of action is for negligent misrepresentation. The elements

14   of a negligent misrepresentation claim are: (1) the defendant must have made a

15   representation as to a past or existing material fact; (2) the representation must have been

16   untrue; (3) regardless of his actual belief the defendant must have made the representation

17   without any reasonable ground for believing it to be true; (4) the representation must have

18   been made with the intent to induce plaintiff to rely upon it; (5) the plaintiff must have been

19   unaware of the falsity of the representation; he must have acted in reliance upon the truth of

20   the representation and he must have been justified in relying upon the representation; and (6)

21   as a result of his reliance upon the truth of the representation, the plaintiff must have

22   sustained damage. *Walters v. Marler* (1978) 83 Cal.App.3d 1, 17, overruled on another

23   ground in *Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 505-507.

24   Furthermore, where there is a breach of contract alleged, the law will not find tort liability as

25   well as contractual liability unless there is a breach of some independent duty imposed by

26   law. *Erlich v. Mendezes* (1999) 21Cal.4th 543, 553-4.

27       In alleging the negligent misrepresentation cause of action, Kassa relies solely

28   on purported representations that BPWCP made to him in connection with the Franchise

8

1  Agreements. Indeed, there are no facts alleged which go beyond those supporting the breach

2  of contract claim. Kassa's Complaint alleges that BPWCP "made the promises and

3  representations under the contract with no reasonable rounds for believing them to be true..."

4  (Compl., ¶2; 5th C/A). However, Kassa fails to allege the precise misrepresentations at issue,

5  as well as state any facts tending to show that these supposed misrepresentations were made

6  with the intent of inducing reliance by Kassa. Furthermore, Kassa's Complaint is also

7  uncertain in that it cannot be ascertained from review of the fifth cause of action how, when,

8  in what manner, or upon what basis Kassa can claim that BPWCP has engaged in negligent

9  misrepresentation.     Specifically, Kassa fails to identify when the purported

10  misrepresentations took place, who made the misrepresentations, what the

11  misrepresentations were, and by what authority those misrepresentations were made.

12  Finally, there is no other independent duty pled or imposed by law in this fifth cause of

13  action and BPWCP cannot recover tort damages for what are, in actuality, purported contract

14  claims. Accordingly, the Court should sustain the demurrer to Kassa's fifth cause of action

15  without leave to amend.

16      **F.**    **Kassa's Negligence Claim is Also Improperly Duplicative of His**

17                  **Claim for Breach of Contract.**

18      Kassa's sixth cause of action is for negligence. To properly allege a

19  negligence cause of action, a plaintiff must plead the following four elements: (1) duty; (2)

20  breach of the duty; (3) causation; and (4) damages. *Ann M. v. Pacific Plaza Shopping*

21  *Center* (1993) 6 Cal.4th 666, 673. The negligent performance of a contract, however, will

22  not ordinarily give rise to tort damages. *Aas v. Superior Court* (2000) 24 Cal.App.4th 627,

23  643, superseded by statute on other grounds as stated in stated in *Rosen v. State Farm*

24  *General Ins. Co.* (2003) 30 Cal.4th 1070, 1079-1080.

25      Here, Kassa alleges that BPWCP owed him a duty under the contract, and that

26  BPWCP "negligently, recklessly, or carelessly knew or should have known that the BPWCP

27  never intended to proceed with the promises, terms and conditions of the contract..."

28  (Compl., ¶3, 6th C/A). This is insufficient to state a cause of action for negligence in the

9

1  absence of any facts that BPWCP breached some duty to Kassa that is independent of its

2  duties to Kassa under the Franchise Agreements. Furthermore, the negligence cause of

3  action is also uncertain in that Kassa fails to identify when the purported breach of duty took

4  place, which acts constituted the specific breach, or who was responsible for the breach.

5  BPWCP's demurrer as to the sixth cause of action should be sustained without leave to

6  amend.

7        G.    Kassa's Negligent Hiring and Supervision Claim Lacks Required

8              Elements.

9              Kassa's seventh cause of action is for negligent hiring and supervision.  To

10  state a claim for negligent supervision, the complaint must allege: (1) a duty of care owed to

11  the plaintiff with respect to the supervision of the employee; (2) a breach of that duty with

12  respect to the supervision of the employee; (3) that negligent supervision must be the cause

13  of plaintiff's damages; and (4) resulting damages to the plaintiff.  *Delfino v. Agilent*

14  *Technologies, Inc.* (2006) 145 Cal.App.4th 790.  Furthermore, claims for negligent hiring and

15  supervision are limited to situations in which an employee has tortiously injured the plaintiff.

16  *See Underwriters Ins. Co. v. Purdie* (1983) 145 Cal.App.3d 57, 69.  A typical situation and

17  widely cited example in which a claim for negligent hiring and supervision was deemed

18  appropriate was in *Roman Catholic Bishop v. Superior Court* (1996) 42 Cal.App.4th 1556,

19  where the plaintiff brought suit against the Roman Catholic Church for the negligent hiring

20  and supervision of a priest who had allegedly sexually molested her.

21              Kassa's Complaint lacks any facts to support the existence of any duty of care

22  owed by BPWCP to Kassa with respect to the supervision of any particular employee.  The

23  Complaint also lacks any allegation of the breach of that duty.  In addition, Kassa fails to

24  identify which of BPWCP's employees were negligently hired or supervised, or how the

25  purported negligent hiring or supervision actually caused any injury to Kassa.  Finally, as

26  previously noted, Kassa has failed to adequately allege any facts supporting the notion that

27  he has been tortiously injured by BPWCP's purported breach of contract.  Therefore, Kassa's

28  claim for negligent supervision is not only uncertain and insufficient, but also inapplicable in

10

1   this setting. Accordingly, the Court should sustain the demurrer as to Kassa's seventh cause

2   of action.

3   **H.  Kassa's Intentional Infliction of Emotional Distress Claim Lacks**

4   **Sufficient Facts to Support a Viable Cause of Action.**

5       Kassa's eighth cause of action is for intentional infliction of emotional distress.

6   To maintain such a cause of action, a plaintiff must allege that: (1) the defendant engaged in

7   extreme and outrageous conduct with the intention of causing, or reckless disregard of the

8   probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually

9   suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual

10  and proximate cause of the emotional distress. *Cervantez v. J.C. Penny Co.* (1979) 24 Cal.3d

11  578, 593. The nature of the wrongful conduct must be so extreme and outrageous as to

12  exceed all bounds usually tolerated in a civilized society, and it further must be especially

13  calculated to cause, and must actually cause, mental distress of a very serious kind.

14  *Davidson v. City of Westminster* (1982) 32 Cal.3d 197, 209. A person is entitled to receive

15  emotional distress damages. *Hailey v. California Physicians' Service*, 158 Cal.App.4th 452,

16  477. Not surprisingly, BPWCP has been unable to locate a single reported decision in

17  California in which a corporation has received emotional distress damages.

18      Notwithstanding the ridiculousness of H&O, Inc. asserting this claim (and the

19  demurrer as to H&O, Inc. on this claim should no doubt be sustained without leave to

20  amend), the intentional infliction of emotional distress cause of action fails to assert the

21  required element of extreme or outrageous conduct on the part of BPWCP. Kassa alleges

22  that "as a result of the wrongful, intentional and malicious acts of BPWCP and each of them

23  and the fright thereby caused to Plaintiffs, he have [sic] suffered extreme and severe mental

24  anguish, emotional distress and physical pain and have been injured to their minds and

25  bodies [sic]." (Compl., ¶2, 8th C/A). This type of general and conclusive allegation is

26  insufficient. Kassa also asserts states that BPWCP engaged in "wrongful, intentional, and

27  malicious acts," without explaining the precise nature of those acts, or how they were so

28  extreme as to exceed all bounds usually tolerated in a civilized community. *See Canta v.*

11

1   *Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 888 (allegations that defendant's conduct

2   is "outrageous" or "malicious" is insufficient, as a matter of law, to provide a basis for the

3   outrageous conduct element of the facts). Furthermore, the claim is based on contract breach

4   allegations and tort liability based on these contentions is inappropriate. *Aas v. Superior*

5   *Court, supra,* 24 Cal.4th at 643. Accordingly, BPWCP's demurrer as to the eighth cause of

6   action should be sustained <u>without leave to amend</u>.

7          I.    <u>Kassa's Claim for Injunctive Relief is Subject to Demurrer Because</u>

8                <u>it is Preempted by the PMPA.</u>

9          Kassa's ninth cause of action is for temporary restraining order, preliminary

10  injunction, and permanent injunction. Aside from the fact that the Court has already issued

11  rulings denying Kassa's requests for TRO and Preliminary Injunctive relief, Kassa's

12  remaining claim for permanent injunctive relief is also improper and should be dismissed on

13  grounds of Federal preemption.

14          Kassa's claim for a permanent injunction seeks to reverse the franchise

15  termination and non-renewal and "prevent [BPWCP] from continu[ing] to wrongfully

16  possess Plaintiffs' business and property and prevent it [sic] from operating as a business

17  earning income, profits, use, possession an control of the premises." (Compl., ¶2, 9th C/A).

18  The Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.* ("PMPA"), however,

19  specifically governs gasoline franchise nonrenewal claims and preempts the injunctive relief

20  sought in Kassa's complaint.  See 15 U.S.C. §§ 2801 *et seq.*; *see also California ARCO*

21  *Distributors, Inc. v. Atlantic Richfield Co.* (1984) 158 Cal.App.3d 349 (a service station

22  franchise nonrenewal may not be enjoined absent a claim brought under the governing

23  PMPA).  True and correct copies of all Federal Authorities cited herein have been filed

24  concurrently herewith.

25          Moreover, Kassa has had ample opportunity to file an amended complaint

26  (having been notified via BPWCP's *Ex Parte* Application to Dissolve the TRO and

27  BPWCP's Opposition to the Preliminary Injunction Motion about the PMPA preemption

28  concerns), but has failed to specifically assert any claims under the PMPA. Accordingly, the

                                          12

1  demurrer should be sustained as to Kassa's ninth cause of action without leave to amend.[4]

2      **J.**   <u>**Kassa's Conspiracy Claim Lacks the Necessary Elements Required**</u>

3          <u>**to State a Cause of Action.**</u>

4          Kassa's tenth cause of action is for conspiracy.  To state a cause of action for

5  conspiracy, <u>facts</u> must be alleged showing the formation and operation of a conspiracy and

6  damage resulting from an act or acts done in furtherance of the plan.  *Orloff v. Metropolitan*

7  *Trust Co.* (1941) 17 Cal.2d 484, 487.  The pleaded facts must show <u>something was done</u>

8  which, without the conspiracy, would give rise to a right of action.  *Lesperance v. North*

9  *American Aviation, Inc.* (1963) 217 Cal.App.2d 336, 345.  Bare legal conclusions,

10  inferences, generalities and presumptions are insufficient to properly state a cause of action

11  for conspiracy.  *117 Sales Corporation v. Olsen* (1978) 80 Cal.App.3d 645, 650.

12          Kassa's cause of action for conspiracy fails to allege the necessary facts to

13  support such a claim.  First, there is a complete absence of any facts showing that BPWCP

14  was involved in the formation and operation of any conspiracy.  In fact, Kassa has failed to

15  even allege any facts regarding the person(s) with whom BPWCP supposedly entered into a

16  conspiracy.  Next, Kassa fails to allege any facts showing that damage resulted from an act

17  or acts done in furtherance of the purported plan.  There is no allegation of any actual

18  wrongful conduct on the part of BPWCP, and no information concerning BPWCP's

19

20  _____

21  [4] BPWCP continues to maintain that the entire complaint is preempted by the PMPA to the extent the claims are related to the nonrenewal of the franchise (which BPWCP maintains they are).  *See Niakan, et al. v. Samaan and Union Oil Company of California* (1988) 199 Cal.App.3d 716 (state court lacked subject matter jurisdiction where claims of wrongful

22  nonrenewal of gasoline franchise preempted by PMPA; claims of unfair trade practices, breach of implied covenant of good faith and fair dealing, breach of written contract, and

23  misrepresentation often stem from franchisor's failure to renew and such claims held to be preempted by PMPA); *Pride v. Exxon Corp.* (9th Cir. 1990) 911 F.2d 251, 257 (PMPA

24  preempts state law causes of action that would have effect of limiting permissible reason for terminating or nonrenewing a petroleum franchise; *Consumers Petroleum Co. v. Texaco* (6th

25  Cir. 1986) 804 F.2d 907 (state law claims alleging misrepresentations relating to the termination or nonrenewal of a franchise are preempted); *Mobil Oil Corp. v. Superior Court*

26  (1987) 189 Cal.App.3d 485 (all state law claims arising out of termination of station lease, including claim for breach of covenant of good faith and fair dealing, are preempted); and

27  *California ARCO Distributors, Inc. v. Atlantic Richfield Co.* (1984) 158 Cal.App.3d 349 (a service station franchise nonrenewal may not be enjoined absent a claim brought under the

28  governing PMPA).

13

1    participation in the alleged conspiracy.

2           Assuming Kassa is claiming that agents or employees of BPWCP conspired

3    with one another, Kassa cannot maintain a conspiracy cause of action, as a matter of law.

4    Agents and employees of a corporation cannot conspire with their corporate principal and

5    employer if they were acting in their official capacities on behalf of the corporation. *Applied*

6    *Equip. Corp. v. Litton Saudi Arabia, Ltd.* (1994) 7 Cal.4[th] 502, 512, n. 12. Without more,

7    Kassa's conspiracy cause of action against BPWCP is defective and subject to demurrer.

8          K.    **Kassa's Claim for Unfair and Deceptive Business Practices is**

9                  **Uncertain and Ambiguous.**

10          Kassa's eleventh cause of action is for "unfair and deceptive business

11    practices." Unlike the other causes of action discussed above, BPWCP is unable to present

12    the Court with the requisite elements necessary to support this claim. This is because it is

13    virtually impossible to decipher whether Kassa is stating a statutory claim (i.e., under

14    Business & Professions Code § 17200) or a common law claim (i.e., for unfair competition).

15    Given such uncertainty, BPWCP has no way of responding to this claim.

16          In the Complaint, Kassa alleges that BPWCP engaged in unfair and deceptive

17    business practices by "misrepresent[ing] their authority, misrepresent[ing] the contract

18    provisions, and process [sic] for correcting problems by BPWCP, and engag[ing] in an

19    overall pattern and scheme of defrauding members of the public including Plaintiffs, into

20    relying upon their professional expertise..." (Compl., ¶2, 11[th] C/A). Based on these

21    allegations (which are duplicative of the breach of contract and other tort claims), BPWCP

22    cannot determine what exactly Kassa is pleading. Further specificity is required or else the

23    claim should be dropped.

24          Furthermore, Kassa also alleges in this cause of action that BPWCP are

25    "fiduciaries and/or professionals with duties of due care and loyalty to Plaintiffs." (*Id*). To

26    the extent that there is some recognized cause of action for "unfair and deceptive business

27    practices" and Kassa contends that this purported fiduciary relationship creates some liability

28    therefore, we note that to establish a fiduciary relationship, there must be a "relation existing

14

1 | between parties to a transaction wherein one of the parties is in duty bound to act with the

2 | utmost good faith for the benefit of the other party." *Wolf v. Superior Court* (2003) 107

3 | Cal.App.4th 25, 29.   There is generally no fiduciary owed duty in a purely commercial

4 | situation.  *McCann v. Lucky Money, Inc.* (2005) 129 Cal.App.4th 1382, 1398.  BPWCP's

5 | relationship with Kassa was purely commercial in nature and thus Kassa's conclusory

6 | assertion that BPWCP was a fiduciary to Kassa is unsupported.

7 | IV.   **CONCLUSION**

8 |        This action is nothing more than a straightforward gasoline franchise non-

9 | renewal and termination matter and the governing franchise agreements dictate the available

10 | damages, if any.   Kassa's attempts to create tort liability where none exists fail as is

11 | evidenced by the inadequately pled causes of action in the Complaint.  For the reasons stated

12 | herein as well as those stated in the Motion to Strike filed concurrently herewith, BPWCP

13 | respectfully requests that this Court sustain its demurrer, without leave to amend.

DATED:  April 18, 2008          Respectfully submitted,

KURT OSENBAUGH
DEBORAH YOON JONES
MacKENZIE E. HUNT
**WESTON, BENSHOOF, ROCHEFORT,
    RUBALCAVA & MacCUISH LLP**

_____
                     Deborah Yoon Jones
Attorneys for Defendant
BP WEST COAST PRODUCTS LLC

# PROOF OF SERVICE

ENDORSED

I, Heather Thai, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On April 18, 2008, I served the document(s) described as **DEMURRER OF BP WEST COAST PRODUCTS LLC TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed as follows:   SEE ATTACHED SERVICE LIST

☒  BY MAIL:  I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071.

☐  BY FEDERAL EXPRESS      ☐ UPS NEXT DAY AIR     ☐ OVERNIGHT DELIVERY:  I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS  ☐ UPS  ☐ Overnight Delivery [specify name of service: ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS  ☐ UPS  ☐ OVERNIGHT DELIVERY [specify name of service:] authorized to receive documents at Weston, Benshoof, Rochefort, Rubalcava & MacCuish LLP, 333 South Hope Street, Los Angeles, California 90071 with delivery fees fully provided for.

☐  BY FACSIMILE:  I telecopied a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☐  BY ELECTRONIC MAIL TRANSMISSION WITH ATTACHMENT:  On this date, I transmitted the above-mentioned document by electronic mail transmission with attachment to the parties at the electronic mail transmission address set forth on the attached service list.

☒  [State] I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  [Federal]      I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 18, 2008, at Los Angeles, California.

Heather Thai

1174236.1

70

KASSA, et al. v. BP WEST COAST PRODUCTS LLC
SANTA CLARA SUPERIOR COURT
Case No. 108CV107979

SERVICE LIST

George Holland, Esq.
LAW OFFICES OF GEORGE HOLLAND
1970 Broadway, Suite 1030
Oakland, CA 94612

Attorney for Plaintiffs, OMER KASSA, OMER KASSA dba H & O, INC. and H & O, INC.

Tel: (510) 465-4100
Fax: (510) 465-4747

1174236.1