KURT OSENBAUGH (State Bar No. 106132)
DEBORAH YOON JONES (State Bar No. 178127)
MacKENZIE E. HUNT (State Bar No. 251127)
**WESTON, BENSHOOF, ROCHEFORT,**
  **RUBALCAVA & MacCUISH LLP**
333 South Hope Street
Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
kosenbaugh@wbcounsel.com
djones@wbcounsel.com
mhunt@wbcounsel.com

Attorneys for Defendant
BP WEST COAST PRODUCTS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMER KASSA individually; OMER KASSA dba H & O, INC., and H & O, INC.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BP WEST COAST PRODUCTS, LLC, dba ARCO PRODUCTS COMPANY and DOES 1 to 50,<br><br>        Defendants. | Case No.: C08-02725 RMW<br><br>REPLY IN SUPPORT OF DEFENDANT BPWCP'S MOTION TO DISMISS KASSA'S FIRST AMENDED COMPLAINT<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 6<br><br>    Honorable Ronald M. Whyte<br><br>Filing Date:       March 12, 2008 |

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. KASSA'S OPPOSITION MISCONSTRUES THE SCOPE OF PMPA PREEMPTION AND DOES NOT ADDRESS THE OTHER BASIC DEFECTS OF HIS STATE CLAIMS ................................................................................................... 1

   A. Kassa Wholly Misconstrues the Scope of PMPA Preemption ....................... 1

   B. The First Eleven Causes of Action are Grounded in Challenges to Franchise Nonrenewal and Preempted by the PMPA .................................................... 2

   C. Kassa's First through Eleventh Claims, in Addition to Being Preempted, are Also Otherwise Not Viable in this Context ................................................... 4

III. CONCLUSION ...................................................................................................... 10

**TABLE OF AUTHORITIES**

CASES

*Aas v. Superior Court*
  (2000) 24 Cal.App.4th 627 .................................................................................... 7

*Accuimage Diagnostics Corp v. Terarecon, Inc.*,
  260 F.Supp.2d 941 (N.D.Cal.,2003) ..................................................................... 9

*Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*
  (1994) 7 Cal.4th 502 ............................................................................................. 9

*Arabian v. BP America*,
  898 F.Supp. 703 (N.D. Cal. 1995) ........................................................................ 6

*Bank of America v. Pendergrass*
  (1935) 4 Cal.2d 258, 48 P.2d 659 ......................................................................... 6

*Bradley v. Hartford Assoc. & Indem. Co.*
  (1973) 30 Cal.App.3d 818 ................................................................................. 5-6

*Celador Int'l Ltd. V. Walt Disney Co.*,
  347 F.Supp.2d 846 (C.D. Cal., 2004) ................................................................... 6

*Christensen v. Superior Court*
  (1991) 54 Cal.3d 868 ............................................................................................ 8

*Civic Western Corps. v. Zila Industries, Inc.*
  (1977) 66 Cal.App.3d 1 ........................................................................................ 8

*Clark v. BP Oil Company*,
  930 F.Supp. 1196 (E.D. Tenn. 1996) .................................................................... 6

*Erlich v. Mendezes*
  (1999) 21 Cal.4th 543 ............................................................................................ 6

*Garcia v. Superior Court*
  (1990) 50 Cal.3d 728 ............................................................................................ 5

*Gil v. Bank of America, Nat. Ass'n*
  (2006) 138 Cal.App.4th 1371 ................................................................................ 6

*Guz v. Bechtel Nat'l, Inc.*
  (2000) 24 Cal.4th 317 ............................................................................................ 6

*Haigleev Donnelly*
  (1941) 18 Cal. 2d 674, 681 ................................................................................... 5

*Hart v. National Mortgage & Land Co.*
 (1987) 189 Cal.App.3d 1420 ................................................................................... 7

*In re Herbert,*
 806 F.2d 889 (9th Cir. 1986) ................................................................................... 2

*Kiseskey v. Carpenter Trust for Southern California*
 (1983) 144 Cal.App.3d 222 ..................................................................................... 6

*Korea Supply Co. v. Lockheed Martin Corp.*
 (2003) 29 Cal.4th 1134 .......................................................................................... 10

*Lazar v. Superior Court,*
 12 Cal.4th 631 (1996) .............................................................................................. 7

*Niakan v. Samaan*
 (1980) 199 Cal.App.3d 716 ............................................................................. 2-3, 6

*Otworth v. Southern Pac. Transportation Co.*
 (1985) 166 Cal.App.3d 452 ..................................................................................... 4

*Paulus v. Bob Lynch Ford, Inc.*
 (2006) 139 Cal.App.4th 659 .................................................................................... 9

*Rosen v. State Farm General Ins. Co.*
 (2003) 30 Cal.4th 1070 ............................................................................................ 7

*Shukla v. BP Exploration and Oil, Inc.,*
 115 F.3d 849 (11th Cir. 1997) ................................................................................. 2

*Simmons v. Mobil Oil Corporation,*
 29 F.3d 505 (9th Cir. 1994) ..................................................................................... 7

*Taylor v. Forte Hotels International*
 (1991) 235 Cal.App.3d 1119 ................................................................................... 5

**STATUTES**

Cal. Business and Professions Code § 17200 ............................................................. 9-10

Civil Code Section 1714(a) .............................................................................................. 7

**OTHER AUTHORITIES**

Fed.R.Civ.P. 9(b) .............................................................................................................. 6

I.  **INTRODUCTION**

BPWCP's Motion to Dismiss Kassa's First Amended Complaint ("FAC") is based on three basic points:

First, the governing Petroleum Marketing Practices Act ("PMPA") preempts state law claims arising from petroleum franchise non-renewal and termination. Thus, Kassa's multitude of inapplicable state law claims arising from his franchise non-renewal are pre-empted.

Second, Kassa's claims for conversion, fraud, negligence and unfair competition concern duties that arise from and are governed by the parties' written agreements and are not properly the subject of tort or statutory claims.

Third, the causes of action either are missing basic elements or cannot be alleged in this context.

In simply reciting the limited facts upon which Kassa bases the challenged claims for relief, Kassa's Opposition fails to address, let alone contest, the points and authorities cited in BPWCP's Motion to Dismiss. Accordingly, BPWCP requests the Court grant its Motion and allow this service station franchise non-renewal case to be properly resolved pursuant to the governing PMPA.

II.  **KASSA'S OPPOSITION MISCONSTRUES THE SCOPE OF PMPA PREEMPTION AND DOES NOT ADDRESS THE OTHER BASIC DEFECTS OF HIS STATE CLAIMS**

A.  **Kassa Wholly Misconstrues the Scope of PMPA Preemption**

The PMPA pre-empts state law claims involving the <u>non-renewal or termination</u> of that franchise relationship. The Ninth Circuit explained:

> "In enacting the PMPA, Congress attempted to provide national uniformity of petroleum <u>franchise termination law</u>. The purpose of uniformity would be frustrated if the PMPA

1

was not given its preemptory intent. Accordingly, we find the PMPA preempted all inconsistent state law." (Emphasis added.)

In re Herbert, 806 F.2d 889, 892 (9th Cir. 1986). See also Shukla v. BP Exploration and Oil, Inc., 115 F.3d 849, 856 (11th Cir. 1997): "The PMPA provides exclusive remedies for disputes relating to the non-renewal of franchises and preempts state law claims based on non-renewal, <u>no matter how such claims are characterized</u>." (Emphasis added.)

Kassa incorrectly cites <u>Niakan v. Samaan</u> (1988) 199 Cal.App. 3rd 716, for the proposition that "common law claims arising during the duration of the contract are not preempted by the PMPA." (Kassa Opposition, p. 3.) In fact, the court in <u>Niakan</u> held that the asserted claims for conspiracy, unfair trade practices, breach of the implied covenant and breach of contract – each of which appear in Kassa's First Amended Complaint – were preempted by the PMPA.

### B. The First Eleven Causes of Action are Grounded in Challenges to Franchise Nonrenewal and Preempted by the PMPA

The allegations throughout the FAC confirm that Kassa's state law claims which are the subject of this motion to dismiss arise from the allegedly wrongful franchise non-renewal:

- The first cause of action for breach of contract consists of a laundry list of complaints regarding BPWCP related to the franchise relationship, which Kassa complains BPWCP declined to address <u>at the time of franchise renewal</u>. (FAC, First Cause of Action, §§ 10, 11.)[1] This disagreement, alleges Kassa, caused BPWCP to "<u>have seized plaintiff's business</u> [the service station] and real property

---

[1] Each of Kassa's causes of action are separately, not consecutively numbered. So, BPWCP herein identifies the cited paragraphs by cause of action, and then the corresponding paragraph number.

2

preventing plaintiffs from the use, operation and possession of a business as well as lost profits." (Id.)

- Kassa's second cause of action for conversion, though cryptically alleged, apparently seeks the return of the service station property <u>which reverted to BPWCP due to the franchise nonrenewal.</u> (Second Cause of Action, § 3.)

- Kassa's third cause of action for fraud and deceit again states a laundry list of claimed BPWCP franchise violations, including, notably, BPWCP's <u>purported untrue representation it would not terminate the franchise.</u> (Third Cause Of Action, § 3.)

- The fourth cause of action for breach of the implied covenant includes in its list of "implied" obligations the promise to "lease real property [the service station] to plaintiffs. . . ." (Fourth Cause Of Action, § 3.)

- The fifth cause of action for negligent misrepresentation similarly refers to BPWCP's purported misrepresentation that it "intended to proceed with the contract." (Fifth Cause of Action, § 2.) The "contract" presumably is the franchise agreements, including the lease and supply agreements which were nonrenewed.

- The sixth cause of action for negligence again is based on the alleged wrongful promise of a continued franchise relationship: "[D]efendants never intended to proceed with the promises, terms and conditions of the contract. . . ." (Sixth Cause of Action, § 3.)

- The seventh cause of action for negligent hiring and supervision asserts that such negligent supervision caused plaintiffs to be "unable for a period of time, to attend, <u>operate its business</u>, lost profits and good will in a sum according to proof." (Seventh Cause of Action, § 6.) (Emphasis added.)

- The eighth cause of action for intentional infliction of emotional distress arises from the fact that both plaintiffs were unable for a period of time, to "<u>attend to their work</u> [operating the gas station leased from BPWCP] and lost earnings

3

in a sum according to proof. Plaintiffs also lost the use [of the gas station], possession, good will and profits." (Eighth Cause of Action, § 3.)

- The ninth cause of action for temporary restraining order and injunctive relief expressly concerns the termination of the franchise, so is also preempted by the PMPA. (Ninth Cause of Action, § 2.) Kassa did not oppose BPWCP's motion to dismiss this claim.

- The tenth cause of action for conspiracy alleges a "fraudulent scheme to <u>close Plaintiffs' business</u> in order to acquire their franchise. . . .") (Tenth Cause of Action, § 2.) (Emphasis added.)

- Finally, Plaintiffs eleventh cause of action for unfair business practices relies upon the prior allegations, and, to the extent that it concerns franchise nonrenewal, is also, of course, preempted. (Eleventh Cause of Action, §§ 1 and 2.)

C. **Kassa's First through Eleventh Claims, in Addition to Being Preempted, are Also Otherwise Not Viable in this Context**

**Breach of Contract (First Cause of Action)**

Kassa has failed to plead the material terms of the contract upon which the breach of contract claim is based. In short, Kassa's FAC fails to set for what specific provisions of the contract were purportedly breached. Kassa's own authority, <u>Otworth v. Southern Pac. Transportation Co.</u> (1985) 166 Cal.App.3d 452, 459, confirms that in an action based on a written contract, the terms of the contract must be set forth verbatim in the complaint. Based upon Kassa's allegations, it is further impossible to ascertain who the proper parties to the contract are, Omar Kassa individually; Omar Kassa, dba H&O, Inc.; and/or H&O, Inc.

Kassa does not address these arguments, nor any of the authorities BPWCP cited. Instead, Kassa's opposition simply recites boilerplate law, and makes the conclusory statement that the FAC sets forth the terms of the contract (Opp. at 4:1-6). This is not sufficient to maintain a claim for breach of contract.

### Kassa's Conversion Claim (Second Claim for Relief)

In his Opposition, Kassa emphasizes that his claim for conversion relates to money and does not mention the allegations that Chevron wrongfully took back the Chevron owned service station. Regardless, money cannot be the subject of a claim for conversion <u>unless a specific sum capable of identification is involved</u>. <u>Haigleev Donnelly</u> (1941) 18 Cal. 2d 674, 681. Here, Kassa's FAC is so imprecise that BPWCP cannot even ascertain what the allegedly converted property is. Kassa's Opposition does little to clarify these allegations, and merely states that "defendants wrongfully electronically took money from plaintiffs' banking account for deliveries that did not occur and refused to return the money after being informed by plaintiffs; resulting in damages." (Opp. at 5:2-5.) Because Kassa has failed to identify a specific sum of money that BPWCP allegedly converted, Kassa's claim for conversion must fail.

Furthermore, Kassa has wholly ignored the authority BPWCP cited in its motion which stands for the proposition that neither negligence, active or passive, nor a breach of contract, even if it results in injury to, or loss of, specific property, constitutes a conversion. <u>Taylor v. Forte Hotels International</u> (1991) 235 Cal.App.3d 1119, 1124. Therefore, BPWCP's motion to dismiss should be granted as to Kassa's second claim for relief.

### Kassa's Fraud and Negligent Misrepresentation Claims (Third and Fifth Claims for Relief)

Both fraud and negligent misrepresentation, which is a species of fraud, must be plead with particularity. <u>Garcia v. Superior Court</u> (1990) 50 Cal.3d 728, 790. Kassa's reliance on <u>Bradley v. Hartford Assoc. & Indem. Co.</u> (1973) 30 Cal.App.3d 818, for the proposition that he need not allege his fraud claims with specificity is misplaced. <u>Bradley</u> simply stood for the principle that it is unnecessary in contexts other than fraud to plead with the same exactness as was formerly required by

1  common law. Id at 825. Bradley did not discuss the pleading requirements for fraud or negligent misrepresentation. (Id.) The Federal Rules of Civil Procedure specifically mandate that "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." (See Fed.R.Civ.P. 9(b); Kiseskey v. Carpenter Trust for Southern California (1983) 144 Cal.App.3d 222, 228.) Indeed, Gil v. Bank of America, Nat. Ass'n (2006) 138 Cal.App.4th 1371, 1381, held that "fraud causes of actions must be pled with specificity in order to give notice to the defendant and to furnish him or her with definite charges... a general pleading of the legal conclusion of 'fraud' is insufficient."

Additionally, Kassa wholly fails to address the fundamental defect that his fraud claims do not lie in this context where the governing agreements establish and define the respective duties of the parties. Erlich v. Mendezes (1999) 21 Cal.4th 543, 553-4; see also Bank of America v. Pendergrass (1935) 4 Cal.2d 258, 48 P.2d 659, 661-662. As discussed in BPWCP's Motion to Dismiss, Kassa's fraud claims are based upon the same facts which support his inadequately pled breach of contract claim, so Kassa's fraud-based claims should be dismissed.

### Breach of Implied Convenant (Fourth Case of Action)

First, the PMPA pre-empts a breach of implied covenant claim to the extent it relates to or arises out of a termination or non-renewal of a petroleum franchise. Clark v. BP Oil Company, 930 F.Supp. 1196, 1202 (E.D. Tenn. 1996); Arabian v. BP America, 898 F.Supp. 703, 709 (N.D. Cal. 1995); Niakan v. Samaan, (1980) 199 Cal.App.3d 716, 719.

Second, where a claim for breach of the implied covenant does not go beyond the statement of a breach of express contractual terms and seeks the same relief sought in a breach of contract claim, it is superfluous to the contract claim and should not be allowed. Celador Int'l Ltd. V. Walt Disney Co., 347 F.Supp.2d 846, 852 (C.D. Cal., 2004); Guz v. Bechtel Nat'l, Inc. (2000) 24 Cal.4th 317, 353, n. 18.

1       <u>Third</u>, claims for <u>tortious</u> breach of the implied covenant do not lie outside of the special relationship in the insurance context. <u>Lazar v. Superior Court</u>, 12 Cal.4th 631 (1996). The Ninth Circuit has specifically confirmed that a franchise relationship does not constitute such a special relationship. <u>Simmons v. Mobil Oil Corporation</u>, 29 F.3d 505, 512 (9th Cir. 1994).

### **Kassa's Generic Negligence and Negligent Supervision Claims (Sixth and Seventh Claims for Relief)**

      As is generally the case with Kassa's Opposition, Kassa simply chose to not address the arguments or authorities asserted in support BPWCP's Motion to Dismiss. As set forth in BPWCP's Motion, the negligent performance of a contract will not ordinarily give rise to tort damages. <u>Aas v. Superior Court</u> (2000) 24 Cal.App.4th 627, 643, superseded by statute on other grounds as stated in <u>Rosen v. State Farm General Ins. Co.</u> (2003) 30 Cal.4th 1070, 1079-1080. The generalized duties set forth by Civil Code Section 1714(a) and related case law, which impose a duty on every person to act with ordinary care in conducting themselves and their lives, do not create an independent duty from which a plaintiff can recover for negligence as a result of a breach of contract. To hold otherwise would be to abrogate the entire rule prohibiting recovery for "negligent" breach of contract. Therefore, both Kassa's allegations that BPWCP somehow negligently performed the agreements ("Negligence," Sixth Cause of Action) and negligently hired and supervised (Seventh Cause of Action) unnamed BPWCP employees who presumably performed the agreements, each fail to state a claim.

      With respect to Kassa's claim for negligent hiring and supervision, Kassa's reliance on <u>Hart v. National Mortgage & Land Co.</u> (1987) 189 Cal.App.3d 1420, is misplaced. There, a disgruntled employee attempted to bring a negligence cause of action against her employer related to alleged sexual harassment and battery.

That is, of course, wholly inapposite to this case involving alleged "negligent" performance of contractually defined duties.

Kassa's negligence claims also lack requisite allegations of fact sufficient to establish either negligence or negligent hiring and supervision. Kassa's conclusory statements notwithstanding, the negligence causes of action remain uncertain in that Kassa fails to identify when the purported breaches of duty took place, which acts constitute the specific breach, or who was responsible. Kassa's negligent hiring and supervision claim is not saved by his assertions that the "FAC states that employees or agents of defendants conduct (sic) was negligent in their promises, representations and actions toward plaintiffs' banking account, etc." (Opp. At 8:17-21.) Kassa's FAC sets forth no facts to support the existence of a duty of care owed by BPWCP to Kassa with respect to the supervision of any particular employee, any identification of which of BPWCP's employees were negligently hired or supervised, or how the purported negligent hiring or supervision actually caused any injury to Kassa. Accordingly, Kassa's negligence claims should be dismissed without leave to amend.

### Kassa's Claim for Intentional Infliction of Emotional Distress (Eighth Claim for Relief)

Kassa alleges that both he, individually, and H&O, Inc., his corporate identity, are entitled to emotional distress damages as a result of BPWCP's purported breach of contract. Kassa's authority, Christensen v. Superior Court (1991) 54 Cal.3d 868, is a defamation case, and contains nothing suggesting that an emotional distress claim may be alleged in this commercial setting, and certainly does not support a claim that corporations such as H&O Inc. can ever assert such a claim. See Civic Western Corps. v. Zila Industries, Inc. (1977) 66 Cal.App.3d 1, 19 ("we know of no authority suggesting that a corporate entity may recover for the emotional distress of its officers.") Accordingly, BPWCP's Motion to Dismiss the eighth cause of action should be granted without leave to amend.

### Kassa's Claim for Conspiracy (Tenth Cause of Action)

As previously argued in BPWCP's motion, Kassa's conspiracy claim lacks any <u>facts</u> showing that BPWCP was involved in the formation and operation of any conspiracy; any facts regarding the person(s) with whom BPWCP supposedly entered into a conspiracy; and any facts showing that damage resulted from an act or acts done in furtherance of the purported plan. There is no allegation of any actual wrongful conduct on the part of BPWCP, and no information concerning BPWCP's participation in the alleged conspiracy. Kassa's mere recitation that conspiracy is not an independent tort does nothing to cure the defects of Kassa's conspiracy claim.

Furthermore, Kassa has failed to address the most serious problem with his conspiracy claim – the fact that <u>agents and employees of a corporation cannot conspire with their corporate principal and employer</u> if they were acting in their official capacities on behalf of the corporation. <u>Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.</u> (1994) 7 Cal.4th 502, 512, n. 12. Kassa alleged in his FAC, and reiterated in his Opposition, that "defendant BPWCP through its employees and agents were acting [sic] *within the course and scope of their employment* committed numerous torts against plaintiffs." (Emphasis added.) (Opp. at 9:26-10:2.) Therefore, Kassa's claim for conspiracy must fail as a matter of law. Accordingly, this claim should be dismissed without leave to amend.

### Kassa's Claim for Unfair and Deceptive Business Practices (Eleventh Cause of Action)

Kassa's Opposition clarifies that his eleventh claim for relief is brought pursuant to Cal. Business and Professions Code § 17200; a fact that was absent from his FAC. Notably, § 17200 is restricted in scope to violations of law, not contract. <u>Accuimage Diagnostics Corp v. Terarecon, Inc.</u>, 260 F.Supp.2d 941, 954 (N.D.Cal.,2003); <u>see</u> also <u>Paulus v. Bob Lynch Ford, Inc.</u> (2006) 139 Cal.App.4th 659, 677, 43 (although an action under the Uniform Competition Law may have broad

application, it is not an all-purpose substitute for a tort or contract action); <u>Korea Supply Co. v. Lockheed Martin Corp.</u> (2003) 29 Cal.4th 1134, 1150 (holding the same.)

   Kassa's claim for deceptive business practices alleges the identical facts that form the basis of his breach of contract claim; namely, that BPWCP allegedly discriminated against Kassa by charging him unreasonably high prices for gasoline products, and wrongfully withdrew money from Kassa's bank account. As the authorities make clear, this is an improper use of § 17200, and it will not serve as a substitute for a plaintiff's breach of contract claim. Therefore, without more, these facts are insufficient to state a claim for relief under Cal. Bus. Prof. Code § 17200.

   Kassa also alleges that he is entitled to damages for mental and physical distress, and "special damages in an amount to be determined." (FAC at 15:27-16:2. Such damages are not permitted in a claim brought pursuant to Cal. Bus. Prof. Code § 17200. <u>Korea Supply Co. v. Lockheed Martin Corp.</u> (2003) 29 Cal.4th 1134, 1150 "[I]t is well established that individuals may not recover damages [under Business and Professions Code § 17200].") Accordingly, Kassa's claim under Cal. Bus. Prof. Code § 17200 is improper and should be dismissed without leave to amend.

### III. CONCLUSION

   Kassa has not seriously addressed the arguments or authorities asserted which stand for the basic proposition that the PMPA governs the instant action. Indeed, Kassa has not seriously addressed any of the arguments or authorities set forth by BPWCP in its Motion to Dismiss. For the most part, Kassa's Opposition merely recites the same facts already alleged in his FAC, and tacks on additional conclusory statements to the effect that the FAC meets the requisite elements for each claim for relief. Kassa's recitation of the same facts previously alleged and his conclusory assertion that his FAC is sufficient does not cure the defects of preemption, the

improperly duplicative tort claims, or the inadequately alleged causes of action. Nor does Kassa suggest how any of the defective claims for relief may be cured. Accordingly, for all of the foregoing reasons, Kassa's first through eleventh claims for relief should be dismissed with no leave to amend.

DATED: July 25, 2008

KURT OSENBAUGH
DEBORAH YOON JONES
MacKENZIE E. HUNT
**WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP**

_____
Kurt Osenbaugh
Attorneys for Defendant
BP WEST COAST PRODUCTS LLC