**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OMER KASSA, individually; OMER KASSA dba H & O, INC., and H & O, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>BP WEST COAST PRODUCTS, LLC, dba ARCO PRODUCTS COMPANY and DOES 1 to 50,<br><br>Defendants. | No. C-08-02725 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT; DENYING PLAINTIFFS' MOTION TO RE-OPEN FACT DISCOVERY; DENYING PLAINTIFFS' MOTION TO CONTINUE TRIAL; AND GRANTING PLAINTIFFS' MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>**[Re Docket Nos. 67, 68, 70, 82, 83, 85]** |

Five motions in this case came on for hearing before the court on February 26, 2010. These motions are: 1) defendant BP West Coast Products LLC's ("BPWCP") motion for summary judgment on plaintiffs' claims; 2) BPWCP's motion for summary judgment on its counter claims; 3) plaintiffs' motion to set aside the entry of default; 4) plaintiffs' motion to re-open fact discovery; and 5) plaintiffs' motion to continue the trial date and related dates. All motions are opposed. Having considered the papers submitted by the parties and the arguments of counsel at the hearing, and for good cause appearing for the reasons set forth below, defendant's motions for summary judgment are

granted in part, plaintiffs' motion to set aside default is granted, and plaintiffs' motions to re-open fact discovery and to continue the trial date are denied.

This lawsuit arises out of a dispute between plaintiffs Omer Kassa and his company H&O, Inc., and defendant BPWCP regarding their franchise relationship for an ARCO service station and am/pm mini market in Campbell, California. Plaintiffs held the franchises, a "gas agreement" and an am/pm mini market agreement, from 2002 through March 2008, renewing the contracts once in 2005. The franchise agreements had three-year terms. The agreements were not renewed in 2008 when plaintiffs refused to sign the new agreements. Shortly after the franchise agreements were not renewed and defendant took possession, plaintiffs filed suit.

The second amended complaint asserts the following causes of action: 1) breach of contract; 2) violation of the Petroleum Marketing Practices Act, 15 U.S.C. §2801 et seq.; 3) unfair and deceptive trade practices; 4) violation of California Business & Professions Code Section 21200; and 5) violation of the Unruh Civil Rights Act, California Civil Code Section 51 and 52. Defendant, in turn, has asserted the following counterclaims: 1) declaratory relief that it has not violated the Petroleum Marketing Practices Act; 2) breach of contract (gasoline agreement); 3) breach of contract (mini market agreement); 4) breach of contract against Hirut Kassa (franchise guarantor); 5) common count for goods sold and delivered; and 6) unjust enrichment.

The gist of plaintiffs' complaint is that BPWCP breached the franchise agreements by failing to deliver gasoline, electronically withdrawing funds from plaintiffs' account to pay for undelivered gasoline, and for discriminating against plaintiffs by charging them more than BPWCP charged neighboring franchisees. Plaintiffs also contend that BPWCP did not act in good faith in not renewing the franchise agreements. The gist of defendant's claims is that the franchise agreements were lawfully not renewed because plaintiffs' refused to execute the new franchise agreements and that plaintiffs did not pay for all the gasoline and goods delivered under the parties' franchise agreements which expired in March 2008.

The present motions are complicated to some degree by the manner in which this case has been prosecuted. Although plaintiffs initiated this lawsuit two years ago, plaintiffs appear to have taken little action in pursuing discovery, in providing discovery, or in otherwise prosecuting their

ORDER DENYING MOTION TO DISMISS
No. C-08-02725 RMW
TER 2

lawsuit despite the fact that the fact discovery cut-off was extended on two occasions and the expert discovery cut-off on three occasions. The docket reveals that plaintiffs have been ordered to provide discovery responses and have had monetary sanctions imposed for their discovery conduct. Additionally, defendant previously sought dismissal for plaintiffs' failure to prosecute, a remedy which the court denied as premature at the time, but the court's order did require plaintiffs to produce documents in discovery and precluded plaintiffs from offering into evidence any documents that had been requested in discovery but not produced. Plaintiffs have since replaced their original attorney with present counsel, but this substitution of counsel did not occur until after fact discovery had closed.

The court is thus now presented with defendant's motion for summary judgment on plaintiffs' claims, as to which plaintiffs have offered very little evidence in opposition; defendant's motion for summary judgment on their own counterclaims, relying very heavily on default having been entered against plaintiffs (even though plaintiffs had filed an answer to the counterclaims prior to the clerk's entry of default); and plaintiffs' motions to set aside default, re-open fact discovery, and continue the trial and related dates. The court will consider plaintiffs' motions first, followed by defendant's motions.

    1. <u>Plaintiffs' Motions</u>

        A. <u>Motion to Re-Open Fact Discovery</u>

Plaintiffs move to re-open fact discovery for forty-five days to enable them to take three depositions: 1) a Rule 30(b)(6) deposition of defendant regarding the Franchise Agreement, 2) the deposition of Tom Reeder, regional sales manager, and 3) the deposition of Brad Christensen, assistant regional sales manager. Plaintiffs, however, have not established good cause to re-open fact discovery. Fact discovery closed on October 16, 2009 and, as noted above, after the deadline had been extended on two separate occasions. Plaintiffs offer no explanation for their failure to conduct discovery during the time in which discovery was open. There is no suggestion that the witnesses that plaintiffs wish to depose are new, or their knowledge of relevant evidence was unknown to plaintiffs until recently. Plaintiffs suggest only that prior counsel was responsible for

failing to conduct discovery when discovery was open, and that re-opening discovery would not prejudice defendant. No good cause has been shown, and the motion is denied.

### B. Motion to Set Aside Default

Plaintiffs also move to set aside entry of default on defendant's counterclaims. Defendant filed its Answer and Counterclaims on October 2, 2008. Defendant filed its request for entry of default more than one year later, on November 24, 2009, and some days thereafter, the clerk entered default. By the time default was entered, however, plaintiffs had already filed an answer to the counterclaims. Default should not have been entered, and it is now set aside.[1]

### C. Motion to Continue Trial Date

Plaintiffs finally move to continue the trial date and related dates. Plaintiffs have failed to demonstrate good cause to continue the trial date, as is required by Rule 16(b). Although plaintiffs' present counsel is not to blame for the failure of plaintiffs to diligently prosecute this action since they were retained only a short time ago and after fact discovery had closed, plaintiffs have made no showing of diligence in the prosecution of this action over the past two years. Plaintiffs are the ones who initiated this litigation; plaintiffs are the ones who have failed to pursue it. Plaintiffs have already been given the benefit of three continuances of the trial date. Plaintiffs cannot get a "do-over" merely by replacing their attorneys. The motion to continue the trial date is denied.

## 2. Defendant's Motions

Defendant seeks summary judgment on all claims asserted against it by plaintiffs and on all counterclaims it asserts against plaintiffs.

### A. Petroleum Marketing Practices Act

---

[1] The parties' papers reveal that plaintiffs' recently retained counsel spoke with defendant's counsel on November 19, 2009, the day counsel was retained, and again on November 24, 2009. The parties' counsel disagree as to whether plaintiffs requested a continuance to enable new counsel to prepare an Answer, but defendant's counsel related that during the November 24 conversation she informed plaintiffs' counsel "in the interest of professional courtesy" that defendant intended to file a request for entry of default that day. Yoon Decl. ¶17. No explanation has been offered as to why defendant waited for more than a year to seek entry of default and then filed its request immediately after new counsel took over representation of plaintiffs. Under the circumstances, it might have been more in line with the "interest of professional courtesy" to have given new counsel a few days in which file an answer to the counterclaim.

Plaintiffs assert a claim under the Petroleum Marketing Practices Act, 15 U.S.C. §2801 et seq.; defendant's first counterclaim is for declaratory relief that it has not violated the PMPA. There is no dispute that the 2005 Franchise Agreement had a three-year term, that defendant proposed a new agreement prior to the expiration of the 2005 Franchise Agreement, or that plaintiffs did not like the terms of the proposed Franchise Agreement and refused to sign it. The PMPA generally prohibits termination or nonrenewal of franchises, but Section 2802(b) sets forth certain exceptions to that general prohibition, including where the franchisor and franchisee fail to agree to changes or additions to the provisions of the franchise agreement. 15 U.S.C. § 2802(b)(3). Defendant has offered evidence that the rent increase and fee changes contained within the proposed franchise agreement were uniform throughout BPWCP's lessee dealer network and were pursuant to objectively applied standards. Reeder Decl. ¶7. Plaintiffs have not offered any evidence to the contrary, other than the conclusory and unsupported declaration of Mr. Kassa that he believes BPWCP acted in bad faith. Kassa Decl. ¶24.

Plaintiffs argue that they have offered evidence of on-going disputes with defendant that BPWCP refused to resolve prior to the franchise renewal and suggest that defendant did not act in good faith with regard to the termination. Plaintiffs further suggest that this presents a material dispute of fact requiring denial of defendant's motion for summary judgment.

Defendant's position is supported by the evidence. Plaintiffs have offered no evidence to counter defendant's showing that the terms of the proposed franchise agreement were no different than those offered to other franchisees. Even though plaintiffs and defendant were in a dispute regarding various aspects of their franchise relationship, plaintiffs have offered no evidence from which a reasonable trier of fact could conclude that defendant was acting in bad faith in negotiating for the renewal of the franchise agreement.

Accordingly, defendant is entitled to summary judgment on its first counterclaim, as well as on plaintiffs' second claim for relief for violation of the PMPA.

### B. Claims Relating to Breach of Contract and Delivery of Products

Plaintiffs' first claim for relief is for breach of contract. Plaintiffs allege that defendant breached the contract by the untimely delivery of gasoline, by charging plaintiffs unreasonably high

costs for gasoline products, by wrongfully electronically withdrawing funds from plaintiffs' bank account for gasoline products that were not delivered, and by refusing to return the funds after being requested to do so. Defendant, in turn, counterclaims for breach of contract, asserting that plaintiffs owe defendant $20,423.79 in charges relating to maintenance, rent, royalty fees, and gasoline deliveries. Chang Decl. ¶6-7, Exhs. A and B. Defendant has also asserted counterclaims for goods sold and delivered and unjust enrichment arising out of the same facts. Defendant seeks summary judgment on the claims, asserting that it did not breach the contract and, with regard to plaintiffs' claim, that plaintiffs have no evidence of any damages resulting from any breach.

In support, defendant offers evidence that it charged plaintiffs for gasoline consistent with the terms of their agreement with plaintiffs (Newcomer Decl. ¶2 and Ex. A). Defendant also submits evidence to establish its provision of gasoline products to plaintiffs, and the charges therefore, including correcting any charges made for fuel that was not delivered. Chang Decl. ¶6 and Exh. A.

In opposition, plaintiffs submit the declaration of Mr. Kassa and supporting exhibits. Among other things, Mr. Kassa declares that in reviewing his bank records, he discovered several erroneous and incorrect electronic funds withdrawals made by BPWCP for motor fuel that was not delivered, that he sought explanations and an accounting that were not provided, and that he hired a CPA and bookkeeper to review the records and make a determination of whether BPWCP owed plaintiffs any money. Kassa Decl. ¶10-12. Mr. Kassa has submitted as Exhibit 5 the analysis from his CPA and bookkeeper, which he testifies "show that BPWCP, as of September 19, 2007, has wrongfully retained at least $50,000 of my money by charging me gas that was either undelivered or monies wrongfully taken from my account." Kassa Decl. ¶12, and Exh. 5.[2]

It appears that defendant made errors in its charges for delivery of gasoline products to plaintiffs. What remains disputed, however, is whether those errors were corrected, and whether

---

[2] Defendant objects to these portions of Mr. Kassa's declaration and to Exhibit 5, primarily on grounds that the exhibit has not been properly authenticated, and that Kassa lacks personal knowledge sufficient to authenticate the exhibit, and that Kassa's testimony is conclusory and speculative, and an improper lay opinion. Defendant's objections have some merit but Mr. Kassa has personal knowledge of sufficient factual matters to raise a triable issue of fact.

ORDER DENYING MOTION TO DISMISS
No. C-08-02725 RMW
TER 6

1 defendant owes plaintiffs money, or whether plaintiffs owe money to defendant. These issues
2 cannot be resolved on summary judgment. Defendant's motion for summary judgment on plaintiffs'
3 claim for breach of contract and on defendant's counterclaims arising out of their contractual
4 agreements or the delivery of product to plaintiffs are accordingly denied.

### C. Price Discrimination Claim

Plaintiffs' fourth cause of action is for price discrimination under California Business & Professions Code § 21200. Section 21200 makes it unlawful "for any refiner, distributor, manufacturer, or transporter of motor vehicle fuels or oils . . . either directly or indirectly, to discriminate in price between different purchasers of motor vehicle fuels or oils of like grade and quality, where the effect of such discrimination is to lessen competition, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them." The elements of a Section 21200 claim are: 1) that defendant charged different prices to plaintiffs than to dealers with whom plaintiffs compete; 2) that any such pricing differential affected competition in the market for motor fuel or injured competition between plaintiffs and the favored dealer(s) who knowingly received the benefit of such price discrimination; and 3) that plaintiffs' business was injured because of the discriminatory pricing. *Madani v. Equilon Enters. LLC*, 2009 U.S. Dist. LEXIS 61079, *45 (C.D. Cal. July 13, 2009). The hallmark of Section 21200 is an injury to competition. Plaintiffs must establish not only that they lost sales, but that favored dealers gained sales when plaintiffs lost sales. *Madani*, 2009 U.S. Dist. LEXIS 61079 at *45.

Defendant seeks summary judgment on the ground that it does not discriminate in the prices it charges for product, that the prices it charged to plaintiffs are the same as the prices it charged to the other dealers within plaintiffs' competitive area, or "price zone," as defined by defendant. Motion at 15-16; Newcomer Decl. In opposition, plaintiffs argue that defendant did charge plaintiffs different prices for motor fuel than it charged to other dealers in plaintiffs' price zone. Plaintiffs rely on the declaration of Mr. Kassa, in which he generally testifies that he spoke with other dealers "in his territory" and discovered that he was being charged more than they were. Kassa Decl. ¶14. Plaintiffs also rely on a document, offered as Exhibit 6 to the Kassa Declaration,

ORDER DENYING MOTION TO DISMISS
No. C-08-02725 RMW
TER         7

1 which they characterize as a pricing sheet accidently left in plaintiffs' store by one of defendant's
2 employees.

3     Defendant objects to the "pricing sheet" asserting that plaintiffs have not authenticated the
4 document, and that Mr. Kassa has no personal knowledge regarding the truth of the document.
5 Defendant's objections are sustained and the court will not consider the purported pricing sheet. The
6 document has not been authenticated, and other than the fact of its description as a pricing sheet left
7 behind by one of defendant's employees, Mr. Kassa does not have the personal knowledge with
8 which to provide any explanation of the meaning of the document. Had plaintiffs engaged in
9 discovery and taken the deposition of the employee, or of defendant, plaintiffs might have been able
10 to learn facts which could have offered to successfully oppose defendant's motion for summary
11 judgment. They did not, however.

12     Accordingly, the only evidence offered in opposition to defendant's motion is Mr. Kassa's
13 declaration that he spoke with other dealers, which he believed to be in his territory, and determined
14 that they were charged less per gallon than he was being charged. This is far short of demonstrating
15 that there is a genuine issue of material fact on the elements of a Section 21200 claim. Plaintiffs'
16 showing is inadequate to withstand summary judgment. Defendant's motion for summary judgment
17 on plaintiffs' price discrimination claim under Section 21200 claim is granted.

    D.    <u>Civil Rights Claim: Discrimination</u>

19     Plaintiffs' fifth claim is for violation of the California Unruh Civil Rights Act, Civil Code
20 Sections 51 and 52. The essence of the claim is the allegation that defendant discriminated against
21 Kassa on account of his race, ancestry or national origin by charging him higher prices for gasoline,
22 by taking money from his account for deliveries that had not been made and refusing to return such
23 money.

24     Defendant seeks summary judgment on the ground that there is no evidence of any
25 discrimination in defendant's treatment of Kassa. Plaintiffs oppose the motion, but offer no evidence
26 from which a reasonable trier of fact could find in their favor that defendant's actions were
27 motivated by any racial animus or that Kassa has been treated differently because of his race,
28 ancestry or national origin. Plaintiffs' belief that Kassa has been treated differently because of his

ORDER DENYING MOTION TO DISMISS
No. C-08-02725 RMW
TER    8

race, ancestry or national origin is not enough. Accordingly, defendant's motion for summary judgment is granted.

### E. Unfair Competition under Business & Professions Code Section 17200

Plaintiffs' final claim is for unfair competition, apparently brought under the California Business & Professions Code Section 17200. The claim appears to be premised upon the other statutory claims asserted by plaintiff: violation of the PMPA, price discrimination and the Unruh Civil Rights Act. For the reasons stated above, summary judgment has been granted in defendant's favor on these underlying statutory claims. Accordingly, there is no remaining basis for plaintiffs' Section 17200 claim. Defendant's motion for summary judgment on this claim is granted.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that:

1. Plaintiffs' motions to set aside default is granted;

2. Plaintiffs' motions to re-open fact discovery and to continue the trial date are denied;

3. Defendant's motion for summary judgment on plaintiffs' second through fifth causes of action is granted; defendant's motion for summary judgment on plaintiffs' first cause of action for breach of contract is denied; and

4. Defendant's motion for summary judgment on its first counterclaim for declaratory relief under the Petroleum Marketing Practices Act is granted; defendant's motion for summary judgment on its second through sixth counterclaims is denied.

DATED: 3/1/10

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Vernon C. Goins, II          vgoins@thebusinesslawyers.com

**Counsel for Defendant:**

Deborah Yoon Jones           djones@wbcounsel.com
Kurt Vandercook Osenbaugh    kosenbaugh@wbcounsel.com
MacKenzie Elizabeth Bright Hunt   mhunt@wbcounsel.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 3/1/10                               TER
                                        **Chambers of Judge Whyte**